Memorandum. The issue consistently and persistently *215 raised before the Workmen’s Compensation Board and before the courts is that the subsequent accident of 1967, although caused in part by the earlier 1959 accident, was substantially caused by the conditions of employment at the time of the second accident. On that basis claimant argued and still argues that he is entitled to compensation at the rate applicable at the time of the second accident. On this record however, we would conclude that "the present disability exists by reason of the two accidents” and the compensation should be apportioned (Matter of Anderson v Babcock & Wilcox Co., 256 NY 146, 149). The board, and the referee before that, never made an explicit finding as to the weights to be assigned to the concurrent causations, one related to the 1959 accident and the other to the 1967 conditions of employment. For lack of such an explicit finding the matter should be remitted to the board to redetermine the allocation of causation. It is not sufficient in this complex of facts to have found simply that the second accident was consequential to the first. Of course it was to some degree, since the knee which buckled in 1967 had been weakened by the 1959 accident. But it is also true that the hand injured in the second accident of 1967 could not have sustained the serious injury to it unless the conditions of employment, particularly the nature and placement of machinery with which claimant was working in 1967, contributed to the accident. In this case the allocation of substantiality of cause is a mixed question of fact, which is solely in the province of the board to determine.
On the other hand, it is unacceptable, as a matter of law, to allow claimant to recover benefits at a 1967 rate for an accident then occurring if it was merely "consequential” to the 1959 accident. It is not enough to characterize the result as "equitable”, especially since on precedent and principle it is unlikely that the award would have been considered "equitable” if either the employer or the carrier in 1967 were different from that in 1959 (cf. Matter of Phillips v Holmes Express Co., 229 NY 527; Matter of Anderson v Babcock & Wilcox Co., 256 NY 146, supra).
Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to the Appellate Division, Third Department, with directions to remand to the Workmen’s Compensation Board for proceedings in accordance with this memorandum.
Chief Judge Breitel and Judges Gabrielli, Jones, Wacht *216 ler and Fuchsberg concur; Judges Jasen and Cooke taking no part.
Order reversed, with costs, and matter remitted to the Appellate Division, Third Department, for further proceedings in accordance with the memorandum herein.