■ In the Matter of the Claim of KENNETH HOMRIGHOUSE, Appellant, v CORNELL UNIVERSITY et al., Respondents. Workmen's Compensation Board, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed August 8, 1974. The issue presented on this appeal, which comes to the court on a shortened record, is the proper rate of compensation for this totally disabled claimant. In 1966 claimant sustained a back injury while employed by Cornell University and was awarded compensation for his period of lost time due to total disability at the prevailing maximum rate of $60 per week. In 1970, claimant reinjured his back while working at Cornell, but lost no time. Subsequently, in 1970, claimant injured his back while employed part time at the Tompkins County Hospital. On the last occasion he was admitted to the hospital where a total laminectomy was performed. Medical testimony indicated that claimant has been totally disabled since that surgery. The doctor testified that 90% of the cause of the total disability was assigned to the 1966 injury and the remaining 10% to his other accidents. The board affirmed the referee's decision that claimant's disability was a result of the 1966 injury. Claimant was declared totally disabled and an award of $60 per week was made. The board, by decision dated August 8, 1974, in affirming the referee's decision and award, determined that the 1970 injury and disability was a consequential result of the 1966 injury and, therefore, benefits should be received at the 1966 rate. The medical evidence was that the 1970 accident was "merely the straw that broke the camel's back" and the real cause of claimant's total disability was his 1966 injury. Claimant urges on this appeal that the proper compensation is the rate in effect at the time of the permanent disability rather than the rate at the time of the initial accident in 1966. For the purpose of determining compensation, the average weekly rate at the time of the injury is the basis for compensation (Workmen's Compensation Law, §§ 14, 15, subd 6). The last accident of the claimant herein was merely consequential of his first injury and substantial evidence supports this conclusion. Under such circumstances the Court of Appeals has stated that "it is unacceptable, as a matter of law, to allow claimant to recover benefits" at the time of the last accident "if it was merely 'consequential' " to the earlier accident (Matter of

*Watford v Continental Can Co.,* 38 NY2d 213, 215). Decision affirmed, without costs. Sweeney, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.