OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Claimant, who sustained a disability as a result of two contributing causes, both of which are compensable, seeks workers’ compensation benefits. The first injury occurred on April 11, 1968 and, though payments were made for a time due to this injury, the case eventually was closed. The claimant was injured again in 1977 with this injury being compounded in effect by the consequences of the first injury. The board allowed the 1968 case to be reopened and determined that the 1968 accident was two thirds responsible for the final disability, while the 1977 injury was responsible for one third of. the disability. The respondent Special Fund for Reopened Cases (see Workers’ Compensation Law, § 25-a) was required to pay two thirds of the final disability rate.
The fund argues that such an award directly contravenes section 15 (subd 6, par [e]) of the Workers’ Compensation Law insofar as it exceeds the statutory maximum of $60 per week set for accidents occurring between July 1, 1965 and July 1,1968. The Appellate Division concluded, and we *810 agree, that this statute effectively limits the fund’s liability. Although this court in the past has given liberal construction to those portions of section 15 where general language rendered the meaning of the term “the time the injury occurred” somewhat obscure (see Matter of Meszaros v Goldman, 307 NY 296; cf. Matter of Crawley v Failla, 6 NY2d 57), no such interpretive approach can be followed here, where the portion of section 15 to be applied is specific with respect to the dollar limit on an award which falls within a specific statutory time period, to wit: “[compensation for * * * disability due to an accident * * * that occurs on or after July first, nineteen hundred sixty-five, shall not exceed sixty dollars per week” (Workers’ Compensation Law, § 15, subd 6, par [e]). The statutory language is clear. If it felt that the limitation on awards for injuries during this time period is too low, it is the duty of the Legislature and not this court to make the appropriate amendment.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs, in a memorandum.