■ In the Matter of the Claim of ELEANOR COAKLEY, Appellant, v GENERAL MOTORS CORPORATION HARRISON RADIATOR DIVISION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Weiss, J. Appeal from a decision of the Workers' Compensation Board, filed March 27, 1984.

On November 12, 1968, claimant sustained a compensable injury resulting in a schedule award of 17½% loss of her left leg based on an average weekly wage of $137.65. She thereafter retired in July 1975. On May 2, 1980, she sustained a consequential injury to her right leg which has been held to be the responsibility of the Special Fund for Reopened Cases (Workers' Compensation Law § 25-a). By decision filed May 23, 1983, a schedule award of 70% loss of the right leg was established at a

weekly rate of $91.77, measured as of the date of the consequential injury, the award totaling $18,500.83. No appeal was taken from that decision. Claimant received payment of $14,112, representing an amount commensurate with the rates in effect as of the date of the original injury. By letter dated July 28, 1983, claimant notified the Workers' Compensation Board of this discrepancy and sought assessment of a penalty against the Special Fund. The Board determined "that the rate of compensation resulting from a consequential injury is determined by the rate applicable at the time of the origin of the injury" and modified the award accordingly. This appeal by claimant ensued.

Initially, we note that the Board has continuing jurisdiction to correct an erroneous rate, either on its own motion or on proper application by an interested party (Workers' Compensation Law § 123; *Matter of Vogts v Bay Shore Sunrise Bowl,* 32 AD2d 604). The Special Fund's failure to appeal the May 23, 1983 determination does not preclude the instant action by the Board. The issue is whether a consequential injury award is measured by rates in effect at the time of the consequential injury or the earlier original injury. Claimant urges that the consequential injury should be deemed a new accident entitling her to compensation at the rate applicable at the time of the second accident. We disagree. Here, the consequential injury emanates solely from the original injury upon which the Legislature has set forth specific limits of liability (Workers' Compensation Law § 15 [6] [d]; *see, Matter of Horton v McCardle & Casazza,* 53 NY2d 808). Since she was retired at the time of the latter accident, claimant's injuries cannot be attributed to conditions of employment existing at that time (*see, Matter of Watford v Continental Can Co.,* 38 NY2d 213, 215). It is not unreasonable for the Board to conclude that the pertinent rate of compensation should also be measured by the original period. The decision should be affirmed.

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.