■ In the Matter of the Claim of VINCENZO CAIAZZA, Appellant, v EASTMAN KODAK COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [752 NYS2d 445] —Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed November 29, 2001, which established the rate of claimant's workers' compensation benefit payments.

Claimant worked for a self-insured employer from 1972 until his retirement in February 2001. From 1974 to 1985, he was a machinist in the employer's metal fabricating department where he was exposed to carcinogenic chemicals and mineral oils. Following a diagnosis of skin cancer, claimant filed a claim for workers' compensation benefits in 1990, but continued to work. On April 24, 2000, claimant was diagnosed with adenocarcinoma of the right lung metastatic to his lymph nodes and brain, which eventually forced him to retire in February 2001. Claimant filed a separate claim for workers' compensation benefits in June 2000, contending that his lung and brain cancers were causally related to the same work environment that had caused his skin cancer. Subsequently, in October 2000, the Workers' Compensation Board ruled that claimant's skin cancer was an occupational disease and found that his date of disablement was February 27, 1986.

At a June 2001 hearing, the employer conceded that claimant's lung and brain cancers were causally related to claimant's exposure to toxic substances in its workplace. The parties stipulated that these cancers were consequential to claimant's skin cancer, and claimant's original skin cancer claim was modified to encompass the lung and brain cancer claim. The agreement by the parties that the claim would be modified to include consequential lung and brain cancer was memorialized by the Workers' Compensation Law Judge (hereinafter WCLJ) in a decision filed June 22, 2001.

In October 2001, a WCLJ ruled that claimant was permanently totally disabled and awarded claimant disability wage benefits of $300 per week based upon the previously determined February 27, 1986 date of disablement (see Workers' Compensation Law § 15 [6] [a]). Claimant sought Board review, arguing that his date of disablement should be April 24, 2000, the date he was diagnosed with the lung and brain cancers that rendered him disabled from further employment, which would entitle him to benefits of $400 per week (see id.). The Board affirmed the WCLJ's use of February 27, 1986 as claimant's date of disablement, prompting this appeal by claimant.

We affirm. The record establishes that claimant, who was represented by counsel, never challenged the February 27, 1986 date of disablement established for his skin cancer and that he specifically stipulated that the original claim should be modified to include consequential lung and brain cancer. Under the circumstances, it was not unreasonable for the Board to rely upon that agreement in declining claimant's request to alter the date of disablement (cf. Matter of Marino v K.L.M. Royal Dutch Airlines, 194 AD2d 818, lv denied 82 NY2d 661). Inasmuch as consequential injury awards are measured by the rates in effect at the time of the original injury (see Matter of Watford v Continental Can Co., 38 NY2d 213, 215; Matter of Coakley v General Motors Corp. Harrison Radiator Div., 108 AD2d 983, 984; Matter of Homrighouse v Cornell Univ., 54 AD2d 798), we find that the Board's affirmance of the award of compensation at a rate of $300 per week was supported by substantial evidence in the record.

Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.