■ In the Matter of the Claim of CARMEN R. CLANTON, Appellant, v SALON VISENTIN, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [829 NYS2d 754]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed December 29, 2005, which ruled that claimant did not sustain an occupational disease and denied her claim for workers' compensation benefits.

Claimant, originally hired in 1993 to shampoo and massage hair, became a full-time receptionist at the employer's salon in 2000. Her duties in that position included scheduling appointments on a computer, using a calculator to establish customers' fees, swiping credit cards and "buzzing" clients into the building. Although she began experiencing pain in her right hand in 2002, she did not seek medical care until November 2003, at which time she was diagnosed with bilateral carpal tunnel syndrome requiring surgery. Asserting that her injuries were the result of an occupational disease caused by the strenuous repetitive movement associated with her employment, she submitted a claim for workers' compensation benefits in September 2004. Following hearings, during which prima facie medical evidence was established as to the existence of right carpal tunnel syndrome and right epicondylitis, a Workers' Compensation Law Judge concluded that claimant had failed to demonstrate a recognizable link between her condition and a distinctive feature of her occupation and disallowed her claim. The Workers' Compensation Board upheld that determination, prompting this appeal.

We affirm. The Board's decision regarding the presence and classification of a medical condition—i.e., an occupational disease—is a factual consideration that will not be disturbed if it is supported by substantial evidence (*see Matter of Fama v P & M Sorbara*, 29 AD3d 170, 172-173 [2006], *lv dismissed* 7 NY3d 783 [2006]). Here, based on testimony from claimant regarding the variety of duties she performed, the Board concluded that there was insufficient evidence of a specific repetitive movement suggesting a link between a distinctive feature of her job and her injuries (*compare Matter of Hicks v Hudson Val. Community Coll.*, 34 AD3d 1039, 1041 [2006]). The record supports the Board's decision and we decline to disturb it (*see Matter of Ferraina v Ontario Honda*, 32 AD3d 643, 644 [2006]).

We have considered claimant's remaining contentions and have determined that they are without merit.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.