■ In the Matter of the Claim of FLORENTINO RIOS, Appellant, v GOODWILL INDUSTRIES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [876 NYS2d 193]—

Kane, J. Appeal from a decision of the Workers' Compensa-

---

tion Board, filed July 17, 2006, which ruled that claimant did not sustain an accidental injury arising out of and in the course of his employment, and denied his claim for workers' compensation benefits.

On December 24, 2002, claimant was physically accosted by a coworker. Claimant allegedly suffered injuries as a result and filed a claim for workers' compensation benefits, which was controverted. Following a hearing, a Workers' Compensation Law Judge disallowed the claim. Upon review, the Workers' Compensation Board affirmed that decision. Claimant appeals.

We affirm. Assuming without deciding that claimant is correct in arguing that the Board erred in concluding that there was no nexus between the incident and his employment, the Board also found that claimant had exaggerated the incident and that no credible medical evidence demonstrated compensable injuries arising from it. The Board credited the testimony of an individual who witnessed the incident and stated that it consisted of the coworker briefly putting his arm across claimant's shoulders or chest and making a threatening comment. That witness further testified that, while claimant appeared upset afterward, he did not immediately leave, did not say that he was upset and did not give any indication that he was injured. Claimant, in contrast, claimed that he was assaulted and choked, and the doctors who examined him relied upon his version of events in making their diagnoses. Although the Board cannot "reject an uncontroverted medical opinion and fashion an expert opinion of its own, . . . [it] is entitled to reject evidence as incredible, even if the evidence is the only proof offered on a particular issue" (*Matter of Musa v Nassau County Police Dept.*, 276 AD2d 851, 852 [2000] [citation omitted]). As substantial evidence supports the Board's rejection of claimant's account of the incident, no credible medical evidence exists to establish that claimant's alleged injuries were related to his employment, and the Board's decision must be affirmed.

Cardona, P.J., Rose, Kavanagh and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.