In the Matter of the Claim of BRENDA JAQUIN, Appellant, v COMMUNITY COVENANT CHURCH et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [891 NYS2d 560]—

Garry, J.

Claimant alleges that she suffered a work-related injury to her neck, back, and left arm when she lifted a heavy child out of a carriage during the course of her employment at a day-care center in February 2004. In March 2004, claimant completed a C-3 form and, in June 2004, the claim was closed for lack of prima facie medical evidence. A panel of the Workers' Compensation Board affirmed the decision on the ground that claimant had not shown a causal relationship between her symptoms and her work activities, but reopened the case for submission of additional medical evidence. In January 2005, claimant submitted a second C-3 form that provided somewhat different statements of the date, nature, and circumstances of the injury and of the timing and nature of the notice allegedly given to the employer. Following a June 2005 hearing, the case was marked for no action and claimant was allowed to obtain clarifying medical evidence. In May 2007, the case was given expedited status, prima facie evidence of a neck injury was established, and a further hearing was scheduled, at which claimant and a representative of her employer testified. The claim was subsequently disallowed upon determinations that claimant had failed to show a

causal relationship between the injury and her employment by competent medical evidence, and that the opinion of claimant's doctor as to a causal relationship, given two years after the accident, lacked foundation in the record. The Board affirmed the decision and claimant now appeals.

The burden is upon claimant to produce competent medical evidence establishing that her injuries or limitations are causally related to her employment (*see Matter of Norton v North Syracuse Cent. School Dist.*, 59 AD3d 890, 890 [2009]; *Matter of Mayette v Village of Massena Fire Dept.*, 49 AD3d 920, 922 [2008]). The medical records reveal that she had a history of chronic neck and lower back pain predating her alleged injury in February 2004, as well as a separate work-related back and neck injury in the summer of 2003. The treatment notes indicate that, when she sought medical treatment on the day after the February 2004 injury, claimant was not treated for back or neck pain but for complaints of chest discomfort, shortness of breath, and pain and numbness in her left arm. The notes indicate that she reported feeling back pain after lifting a child on the previous day, but also state that no such pain was present at the time of treatment. Several days later, claimant was treated for tingling in the left upper extremity that she reportedly believed was caused by the use of a treadmill. Notes for that date specifically indicate that claimant had no neck pain and no history of a neck injury. A week later, she was treated for chronic neck pain and, several weeks thereafter, for chronic neck and back pain and left carpal tunnel syndrome. In March 2004, she was treated for left arm pain and cervical spine pain described as "insidious in onset." The notes report that she was removed from work in March 2004 for severe foot pain,* but notes from the next month state that the reason for her removal was carpal tunnel syndrome. A note in June 2004 indicates that claimant was having difficulty establishing a workers' compensation claim because she could not clearly establish when her symptoms developed.

In addition to these and other inconsistencies in the medical records, there were discrepancies in claimant's own accounts of the event and its consequences. For example, her original C-3 form stated that she gave oral notice of the accident to her employer's representatives in March 2004, while the second C-3 form stated that she gave them oral and written notice in February 2004. Claimant's employer, however, asserted that the first notice it received of the incident was a copy of claimant's first C-3 form. The credibility issues presented by these and

---

\* These symptoms are not alleged to be work related.

other discrepancies in the evidence were for the Board to resolve (*see Matter of Wilson v Southern Tier Custom Fabricators*, 51 AD3d 1228, 1229 [2008]; *Matter of Thomasula v Wilson Concrete & Masonry*, 15 AD3d 796, 796 [2005]).

Though the Board may not fashion its own expert medical opinions, it may reject medical evidence as incredible or insufficient even where, as here, no opposing medical proof is presented (*see Matter of Rios v Goodwill Indus.*, 60 AD3d 1243, 1244 [2009]; *Matter of Musa v Nassau County Police Dept.*, 276 AD2d 851, 852 [2000]). Claimant's proof failed to definitively link her injuries to the February 2004 event rather than to the 2003 accident or to her preexisting conditions. As the Board's determination is supported by substantial evidence, it will not be disturbed (*see Matter of Young v Pentax Precision Instrument Corp.*, 57 AD3d 1323, 1324 [2008]; *Matter of Thomasula v Wilson Concrete & Masonry*, 15 AD3d at 796-797).

Mercure, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.