In the Matter of the Claim of CINDY A. RENZ, Appellant, v HOME DEPOT USA, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [901 NYS2d 733]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed October 31, 2008, which ruled, among other things, that claimant was precluded from pursuing her neck injury claim by stipulating to a schedule loss of use award to her arms.

Claimant, an employee of Home Depot USA, Inc., was injured in 2005 while moving an electric ladder at work. The Workers' Compensation Board initially found that claimant injured her left shoulder, and authorized surgery and benefits. Following a hearing at which claimant asserted consequential injuries to her right shoulder and neck, a Workers' Compensation Law Judge (hereinafter WCLJ) amended the case to include a right shoulder injury and authorized medical tests of claimant's neck and upper extremities for diagnostic purposes. The WCLJ further directed the parties to submit deposition transcripts regarding the issue of whether claimant suffered a neck injury.

Thereafter, at a March 2007 hearing before a different WCLJ and without the submission of depositions related to the neck injury, the parties stipulated that claimant suffered a 25% schedule loss of use of her left arm and a 20% schedule loss of use of her right arm. When the WCLJ asked if there were "[a]ny other body parts," claimant's counsel replied, "[n]o." The parties' agreement was incorporated into a May 24, 2007 amended decision, which awarded claimant approximately $55,000 in total benefits and indicated that "[n]o further action [was] planned" in the case. Nevertheless, on June 18, 2007, claimant moved to reopen the claim, seeking benefits related to her neck injury, right thumb and right ring finger.

The case was referred back to the original WCLJ, before whom

claimant conceded that she had agreed to forgo her neck claim when she entered into the stipulation. Claimant asserted, however, that her neck condition had since deteriorated. The WCLJ noted that claimant's neck had been symptomatic since the date of the accident and concluded, as relevant here, that the claim for the neck injury and any claims flowing from that injury were barred by the parties' stipulation. Finding that claimant's bilateral carpal tunnel syndrome was linked solely to her neck injury, the WCLJ determined that there was no prima facie medical evidence of carpal tunnel syndrome. The Board affirmed, concluding that claimant had not been "forthright" about her intention to pursue the neck claim at the time she entered into the stipulation, and stating that "no further claim regarding the neck may be made at this time." This appeal ensued.

We affirm. It is well settled that the Board is the final arbiter of credibility and we are bound by its determinations in that regard (*see e.g. Matter of Jaquin v Community Covenant Church*, 69 AD3d 998, 999-1000 [2010]; *Matter of Young v Pentax Precision Instrument Corp.*, 57 AD3d 1323, 1325 [2008]). Here, claimant asserts that she did not pursue the neck injury at the time the stipulation was entered because it "seemed to have mostly resolved itself," and that she sought to reopen the case only after her neck injury worsened shortly thereafter. The record reveals, however, that claimant raised the neck injury in 2006, and her doctor continued to diagnose her with a neck injury during the months prior to entry of the stipulation. Approximately one week prior to claimant's application to reopen the case, her doctor stated that her "neck pain [and] stiffness *persist*" (emphasis added). Furthermore, as the Board noted, its medical guidelines provide that a schedule loss of use award for impairment to an extremity—such as the award to which the parties stipulated—may be made only when no residual impairments "remain in the systemic area," including the neck (State of New York Workers' Compensation Board Medical Guidelines, at 4 [June 1996]).

In light of the medical guidelines, the procedural history of this case, evidence that claimant's neck was symptomatic at the time of the stipulation and the negative response of claimant's attorney when asked by the WCLJ whether there were "[a]ny other body parts," the Board did not act irrationally in concluding that the stipulation barred pursuit of the neck claim and denying claimant's application to reopen the case (*see Matter of Davis v GA Braun*, 306 AD2d 727, 728-729 [2003]; *Matter of Caiazza v Eastman Kodak Co.*, 300 AD2d 966, 967 [2002]).

Moreover, inasmuch as claimant's medical records linked her bilateral carpal tunnel syndrome to her neck injury, substantial evidence supports the Board's determination that there is no causally related or consequential carpal tunnel syndrome (*see Matter of Jaquin v Community Covenant Church*, 69 AD3d at 1000).

Claimant's remaining arguments are unpreserved for our review or waived due to her failure to raise them during the hearing in which the stipulation was entered.

Peters, Rose, Stein and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.