■ In the Matter of the Claim of Dori Eber, Appellant, v Jawanio, Inc., et al., Respondents. Workers' Compensation Board, Respondent. [926 NYS2d 711]—

Garry, J. Appeal from a decision of the Workers' Compensation Board, filed February 22, 2010, which ruled that claimant did not sustain a causally related injury and denied her claim for workers' compensation benefits.

Claimant sustained a work-related injury in 2001 and received workers' compensation benefits. In 2002, claimant was injured again at work and applied for workers' compensation benefits based upon injuries to her face, neck and right shoulder. Claimant requested to amend this claim, contending that she had developed complex regional pain syndrome (hereinafter CRPS) in her right arm as the result of her work-related injuries. In March 2006, while the 2002 claim was still pending before the Workers' Compensation Board, claimant filed the present claim for workers' compensation benefits based upon alleged injuries to her right arm, hand and wrist suffered in a slip and fall in the employer's parking lot, which she claimed aggravated her CRPS. In August 2006, the claim regarding the 2002 incident was established for injuries to claimant's face, neck and shoulder, but the Board denied amending the claim to include CRPS, concluding that the credible medical evidence presented did not support a finding that claimant suffered from that condition.

The medical evidence upon the present claim regarding CRPS was limited to the report and testimony of Walter Nieves, a neurologist chosen by the Board to examine claimant.[1] Based upon his 2009 examination, Nieves opined that claimant suffered from CRPS as the result of the work-related injuries in 2001 and 2002, and the condition was exacerbated by the 2006 fall. Based upon this opinion, a Workers' Compensation Law Judge established the claim. On review, the Board rescinded the Workers' Compensation Law Judge's decision, finding insufficient evidence to establish that claimant's 2006 fall caused or aggravated her CRPS. Claimant now appeals.

We affirm. "So long as the Board's determination is supported by substantial evidence it will be upheld" (*Matter of Gilman v Champlain Val. Physicians Hosp.*, 23 AD3d 860, 861 [2005] [citations omitted]; *accord Matter of Ancrum v New York City Bd. of Educ.*, 66 AD3d 1094, 1095 [2009]). Further, "[t]hough the Board may not fashion its own expert medical opinions, it may reject medical evidence as incredible or insufficient even

---

1. Claimant objected to being examined for the present claim by the neurologist who had examined her on behalf of the employer regarding her 2002 claim and requested a different examiner. The Board granted her request and appointed Nieves as an impartial medical examiner.

where . . . no opposing medical proof is presented" (*Matter of Jaquin v Community Covenant Church*, 69 AD3d 998, 1000 [2010]). Here, Nieves opined that claimant's 2001 work-related incident resulted in the onset of CRPS and the incidents in 2002 and 2006 aggravated the condition. Notably, however, although Nieves diagnosed claimant with CRPS, the record reveals that he did not observe the objective signs of this condition—skin discoloration, temperature changes in the skin, change of hair pattern and nail growth.[2] Rather, it appears from the record that Nieves based his diagnosis upon claimant's subjective complaints of pain and the medical history she provided to him. Nieves testified that "[a]s [claimant] describes her condition" it is "consistent with a condition called allodynia, which can occur in the context of what would be termed [CRPS]." Accordingly, we find that substantial evidence supports the Board's rejection of Nieves' opinion as insufficient to establish that claimant suffers from causally related CRPS, and its determination denying claimant's application for workers' compensation benefits will not be disturbed (*see Matter of Jaquin v Community Covenant Church*, 69 AD3d at 1000; *Matter of Rios v Goodwill Indus.*, 60 AD3d 1243, 1244 [2009]).

Mercure, J.P., Spain, Kavanagh and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.

---

2. Similarly, the record reflects that neither the employer's medical expert nor claimant's treating physician observed these objective signs during their examinations of claimant in 2003 and 2004 in regard to amending her 2002 claim to include CRPS.