*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 13, 2014                   518434
_____

In the Matter of the Claim of
   GERARD CUNNINGHAM,
                Appellant,

     v

NEW YORK CITY TRANSIT                    MEMORANDUM AND ORDER
   AUTHORITY,
                Respondent.

WORKERS' COMPENSATION BOARD,
                Respondent.
_____


Calendar Date:  October 6, 2014

Before:  Lahtinen, J.P., McCarthy, Egan Jr., Devine and
        Clark, JJ.

_____


     Geoffrey Schotter, New York City, for appellant.

     Weis, Wexler & Wornow, PC, New York City (Lauren M. Bilasz
of counsel), for New York City Transit Authority, respondent.

_____


Lahtinen, J.P.

     Appeal from a decision of the Workers' Compensation Board,
filed April 9, 2013, which ruled that claimant did not sustain a
causally related occupational disease and denied his claim for
workers' compensation benefits.

     Claimant sustained serious injuries to his neck, back and
left shoulder as the result of 1988 and 2003 automobile accidents
that were not work related.  He continued working as a car
inspector for the self-insured employer until 2010, when he

developed incapacitating neck, back and leg pain.  Claimant thereafter applied for workers' compensation benefits, asserting that his physical problems and a consequential psychiatric injury were related to repetitive work-related tasks and constituted an occupational disease.  The employer failed to timely file a notice of controversy and, as such, was precluded from submitting evidence on the issue of whether claimant's condition arose out of and in the course of his employment (see Workers' Compensation Law § 25 [2] [b]; Matter of Cappellino v Baumann & Sons Bus Co., 18 NY3d 890, 891-892 [2012]).  A Workers' Compensation Law Judge nevertheless found the opinions of claimant's treating physicians regarding causation to be incredible and disallowed the claim.  The Workers' Compensation Board upheld that determination, and claimant now appeals.

We affirm.  The employer's failure to timely file a notice of controversy did not "relieve[] claimant from his burden to demonstrate a causal relationship" between his employment and medical condition (Matter of Lumia v City of N.Y., Off. of Queens Borough President, 21 AD3d 600, 601 [2005]; see Matter of Coleman v Schenectady County Dept. of Social Servs., 80 AD3d 837, 838 [2011]).  Claimant accordingly submitted undisputed medical evidence to draw that causal link, which the Board was free to "reject . . . as incredible or insufficient" (Matter of Jaquin v Community Covenant Church, 69 AD3d 998, 1000 [2010]; accord Matter of Kondylis v Alatis Interiors Co., Ltd., 116 AD3d 1184, 1186 [2014]).  The record here reflects that claimant has been receiving related medical treatment from at least 2002 onward.  Claimant sought more intensive treatment after his pain worsened in 2010, but no physician drew a causal link between the condition and his employment until he raised the issue with his physicians at a friend's urging.  An orthopedic surgeon who treated claimant further testified that claimant gave conflicting accounts as to how he had aggravated the condition in 2010 and that claimant's spinal and shoulder problems could have resulted from degenerative changes.  The Board was free to reject this less-than-compelling medical evidence as incredible and, as such, substantial evidence supports its finding that claimant did not show the existence of a causally related occupational disease (see Matter of Dizenzo v Henderson & Johnson, 114 AD3d 1014, 1014 [2014]; Matter of Jaquin v Community Covenant Church, 69 AD3d at

1000; Matter of Newton v Sears Roebuck & Co., 293 AD2d 862, 863-864 [2002]).

Claimant's remaining arguments have been examined and found to lack merit.

McCarthy, Egan Jr., Devine and Clark, JJ., concur.


ORDERED that the decision is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court