*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 17, 2015          520446
_____

In the Matter of the Claim of
    MATTHEW YANAS,
                    Appellant,
        v
                                        MEMORANDUM AND ORDER
BIMBO BAKERIES et al.,
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  October 20, 2015

Before:  Peters, P.J., Lahtinen, Garry and Clark, JJ.

_____

        Mraz & Gaud, PLLC, Albany (Lucile Gaud of counsel), for appellant.

        Stockton, Barker & Mead, LLP, Troy (John B. Paniccia of counsel), for Bimbo Bakeries and another, respondents.

_____

Lahtinen, J.

        Appeal from a decision of the Workers' Compensation Board, filed March 24, 2014, which ruled that claimant did not sustain an occupational disease and denied his claim for workers' compensation benefits.

        Claimant worked for Bimbo Bakeries where his duties included, among other things, loading a flour sifter machine.  He submitted a claim for workers' compensation benefits in November 2012 after experiencing pain in his right wrist and being diagnosed with carpal tunnel syndrome, flexor tendonitis of the

middle finger and ulnar impaction syndrome. A Workers' Compensation Law Judge (hereinafter WCLJ) credited the testimony of claimant's supervisor in determining that claimant's job duties did not entail sufficient repetitive action for an occupational disease and, furthermore, the WCLJ did not credit the opinions of claimant's physicians regarding causation, since both physicians failed to establish an adequate understanding of claimant's work activities or obtain a complete medical history. The WCLJ thus disallowed the claim and the Workers' Compensation Board affirmed. Claimant appeals.

We affirm. "The Board's decision regarding the presence and classification of a medical condition – i.e., an occupational disease – is a factual consideration that will not be disturbed if it is supported by substantial evidence" (Matter of Clanton v Salon Visentin, Inc., 37 AD3d 968, 968 [2007] [citation omitted]; see Matter of Mazayoff v A.C.V.L. Cos., Inc., 53 AD3d 890, 891 [2008]). Here, the Board credited the testimony of claimant's supervisor regarding claimant's job duties in determining that claimant failed to sufficiently prove "a specific repetitive movement suggesting a link between a distinctive feature of [his] job and [his] injuries" (Matter of Clanton v Salon Visentin, Inc., 37 AD3d at 968; see Matter of Lumia v City of N.Y., Off. of Queens Borough President, 21 AD3d 600, 601 [2005]). Further, since claimant's physicians failed to show adequate knowledge of his work activities or medical history, "'[t]he Board was free to reject this less-than-compelling medical evidence,' and its finding that claimant did not submit credible medical evidence of a causally related occupational disease is supported by substantial evidence" (Matter of Phelan v Bethpage State Park, 126 AD3d 1276, 1278 [2015], lv denied 25 NY3d 911 [2015], quoting Matter of Cunningham v New York City Tr. Auth., 122 AD3d 1042, 1043 [2014]; see Matter of Jaquin v Community Covenant Church, 69 AD3d 998, 1000 [2010] [holding that the Board "may reject medical evidence as incredible or insufficient even where . . . no opposing medical proof is presented"]; accord Matter of Kondylis v Alatis Interiors Co., Ltd., 116 AD3d 1184, 1186 [2014]). Finally, we note that, to the extent that the issue was preserved, the fact that the WCLJ cited to guidelines that became effective after the claim was filed is of no moment since the Board independently reviewed the record and relied upon long

established principles, including that a medical opinion unsupported by an adequate foundation need not be credited (see e.g. Matter of Eber v Jawanio, Inc., 85 AD3d 1520, 1522 [2011]).

Peters, P.J., Garry and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court