Matter of Nicholson v New York City Health & Hosps. Corp. (2019 NY Slip Op 05824)





Matter of Nicholson v New York City Health & Hosps. Corp.


2019 NY Slip Op 05824


Decided on July 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 25, 2019

527544

[*1]In the Matter of the Claim of MARIA NICHOLSON, Appellant,
v
NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: June 4, 2019

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


Geoffrey Schotter, New York City, for appellant.
Zachary W. Carter, Corporation Counsel, New York City (Christine Conwell of counsel), for New York City Health and Hospitals Corporation, respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed April 2, 2018, which ruled that claimant did not sustain a causally-related occupational disease and denied her claim for workers' compensation benefits.
Claimant, an administrative assistant, filed a claim for workers' compensation benefits in 2011, citing injuries to her right arm and neck resulting from repetitive use at work. Following a hearing, a Workers' Compensation Law Judge disallowed the claim, finding that there was insufficient medical evidence to support a causal connection between claimant's job duties and the claimed occupational disease. The Workers' Compensation Board affirmed, and claimant appeals.
We affirm. "To be entitled to workers' compensation benefits for an occupational disease, a claimant must establish a recognizable link between his or her condition and a distinctive feature of his or her occupation through the submission of competent medical evidence" (Matter of Corina-Chernosky v Dormitory Auth. of State of N.Y., 157 AD3d 1067, 1068 [2018] [internal quotation marks, ellipsis and citations omitted]; see Matter of Simpson v New York City Tr. Auth., 151 AD3d 1160, 1161 [2017]). "The Board's decision regarding the presence and classification of a medical condition — i.e., an occupational disease — is a factual consideration that will not be disturbed if it is supported by substantial evidence" (Matter of Clanton v Salon Visentin, Inc., 37 AD3d 968, 968 [2007] [citation omitted]; accord Matter of Yanas v Bimbo Bakeries, 134 AD3d 1321, 1321 [2015]). The record reflects that claimant had established a prior claim for workers' compensation benefits, after she sustained a broken right [*2]elbow while working as a food service manager in September 2006. Claimant testified that she began working as an administrative assistant in 2007 and that her job duties included working on a computer for four to five hours a day, handling time sheets, taking minutes of meetings by hand and transcribing them, filing, preparing reports and answering the phone. She also testified that she is required to access binders that are located in overhead filing cabinets on an average of six times a day. According to claimant's testimony, she began feeling pain in her arm and neck in 2010.
As to the medical evidence, Jeffrey Passick, an orthopedic surgeon who conducted an independent medical examination on behalf of the employer's workers' compensation carrier, testified that claimant informed him at the examination that she injured herself on September 12, 2011 when she was reaching for a binder that was kept in an overhead filing cabinet and she "felt her arm give way." Passick further testified that, although claimant mentioned feeling pain for several weeks prior to the incident with the binder, she did not relate the pain to her work and never discussed her job duties with him. Accordingly, Passick addressed claimant's injury as an accident stemming from the reaching for the binder and not as a manifestation of an occupational disease. When asked if the pain she felt reaching for the binder could have been a manifestation of an occupational disease, Passick testified that it was possible but that he was "not comfortable with saying the fact that she did get hurt confirms the fact that she had an occupational disease." As Passick's opinion regarding an occupational disease amounted to "mere surmise, or general expression[] of possibility," the Board was free to reject it (Matter of Ayala v DRE Maintenance Corp., 238 AD2d 674, 675 [1997], affd 90 NY2d 914 [1997]; see Matter of Bufearon v City of Rochester Bur. of Empl. Relations, 167 AD3d 1391, 1394 [2018]).
Michael Hearns, claimant's treating physician, testified that claimant first raised the issue of repetitive use injury to her neck and arm to him on September 12, 2011. Although claimant testified that she began feeling pain in her arm and neck in 2010, Hearns testified that claimant advised him that she had been feeling pain in those areas since 2007 and that the pain was the result of repetitive work as a food service manager. Although Hearns also testified that, in his opinion, the injuries were the result of repetitive work as an administrative assistant, he admittedly was uncertain as to the dates that claimant held both jobs. In light of the inconsistency regarding the outset of claimant's symptoms and Hearns' lack of knowledge concerning claimant's work history, "the Board was free to reject this less-than-compelling medical evidence, and its finding that claimant did not submit credible medical evidence of a causally related occupational disease is supported by substantial evidence" (Matter of Yanas v Bimbo Bakeries, 134 AD3d at 1321 [internal quotation marks, brackets and citations omitted]; see Matter of Cunningham v New York City Tr. Auth., 122 AD3d 1042, 1043 [2014]).
Egan Jr., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.