Matter of Glowczynski v Suburban Restoration Co., Inc. (2019 NY Slip Op 05817)





Matter of Glowczynski v Suburban Restoration Co., Inc.


2019 NY Slip Op 05817


Decided on July 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 25, 2019

527195

[*1]In the Matter of the Claim of JAN GLOWCZYNSKI, Appellant,
v
SUBURBAN RESTORATION COMPANY, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 29, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Geoffrey Schotter, New York City, for appellant.
Lawrence Komsky, Cedarhurst, for Suburban Restoration Company, Inc. and another, respondents.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed January 31, 2018, which ruled that claimant did not sustain an occupational disease and denied his claim for workers' compensation benefits.
Claimant, an asbestos laborer since 1992, worked for the employer on a seasonal basis during summer months from 2007 through 2016. He also worked in that capacity in various union jobs between 1997 and 2015. His work duties included building containment enclosures with poly and wood panels, removing tiles and plumbing containing asbestos, and carrying building materials and bags of asbestos debris. In October 2016, he filed a claim for workers' compensation benefits, reporting that he had sustained injuries to his back, knees, hips and shoulder due to the repetitive use of these body parts in the course of his employment and asserting that the date of the onset of his injuries was September 3, 2016. The employer and its workers' compensation carrier controverted the claim, raising issues of causal relationship, among others. Following hearings at which claimant testified and submitted the reports and testimony of two of his treating physicians, a Workers' Compensation Law Judge disallowed the claim. The Workers' Compensation Board upheld that determination, finding that claimant failed to establish a causal link between the nature of his employment and his medical conditions. Claimant appeals.
We affirm. "To be entitled to workers' compensation benefits for an occupational disease, a claimant must establish a recognizable link between his or her condition and a distinctive feature of his or her occupation through the submission of competent medical [*2]evidence" (Matter of Corina-Chernosky v Dormitory Auth. of State of N.Y., 157 AD3d 1067, 1068 [2018] [internal quotation marks, ellipses and citations omitted]; see Workers' Compensation Law § 2 [15]; Matter of Garcia v MCI Interiors, Inc., 158 AD3d 907, 908 [2018]). Significantly, the Board's decision regarding whether a medical condition is present and should be classified as an occupational disease "is a factual determination that will not be disturbed if supported by substantial evidence" (Matter of Scott v Bimbo Bakeries USA, Inc., 171 AD3d 1421, 1422 [2019]; see Matter of Yanas v Bimbo Bakeries, 134 AD3d 1321, 1321 [2015]).
Claimant, age 63, testified that he stopped working for the employer in 2016 due to back pain, and had stopped working for the union in 2015 after he became unable to work due to pain; thereafter, he applied for early retirement, but had not worked enough union hours to qualify. There was no evidence that claimant had ever sustained an injury at work or reported difficulties with the work assigned. Claimant first sought treatment for his knee pain in 2014 from Daniel O'Connor, an orthopedist, who, based upon X rays and an examination, diagnosed him with arthritis in both knees and hips, which O'Connor testified was age-related degeneration. Although claimant testified that his back pain started in 2014, the Board credited O'Connor's testimony that claimant first sought treatment from him for back pain in 2016. Importantly, O'Connor testified that he never took a history from claimant regarding how and when his knee and back pain arose and did not review his prior medical records, he did not discuss with claimant the nature of his work, the cause of his conditions or bill his treatment to workers' compensation, and he had no opinion regarding causation.
Claimant also sought treatment from Leonard Bleicher, a physical medicine rehabilitation physician, who concurred that claimant had advanced degenerative problems and arthritis in both knees, which he conceded could be due to aging. Claimant reported progressive back pain dating back 24 years, shoulder pain since 2010 and treatment with his primary physician for five or six years, and Bleicher testified that MRIs confirmed that claimant had a torn rotator cuff and four ruptured discs in his lumbar spine. Bleicher conceded that he did not review claimant's medical treatment history or records, but nonetheless concluded that claimant's progressive, advanced degenerative disease and musculoskeletal impairments were cumulative occupational injuries related to his job duties.
The Board's finding that claimant failed to submit credible, competent medical evidence of a causally-related occupational disease is supported by substantial record evidence (see Matter of Corina-Chernosky v Dormitory Auth. of State of N.Y., 157 AD3d at 1068). The Board found, and the record reflects, that O'Connor offered no causation opinion and, although "Bleicher expressed familiarity with . . . claimant's work duties, he failed to correlate any of . . . claimant's [medical] conditions with the performance of any specific repetitive work duties." Furthermore, notwithstanding the fact that no contrary expert medical evidence was submitted by the employer, the Board was entitled to reject as inadequate the "less-than-compelling medical evidence" submitted by claimant (Matter of Yanas v Bimbo Bakeries, 134 AD3d at 1321 [internal quotation marks and citations omitted]; see Matter of Kondylis v Alatis Interiors Co., Ltd., 116 AD3d 1184, 1186 [2014]; Matter of Jaquin v Community Covenant Church, 69 AD3d 998, 1000 [2010]). As claimant failed to submit evidence establishing that his arthritis, degenerative diagnoses and other medical problems constituted an occupational disease, his claim was properly denied. Claimant's remaining contentions have been considered and found to be without merit.
Garry, P.J., Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.