Matter of Sinelnik v AJK, Inc. (2019 NY Slip Op 06829)





Matter of Sinelnik v AJK, Inc.


2019 NY Slip Op 06829


Decided on September 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 26, 2019

527198

[*1]In the Matter of the Claim of Ivan Sinelnik, Appellant,
v
AJK, Inc., et al., Respondents, et al., Respondent. Workers' Compensation Board, Respondent.


Calendar Date: September 6, 2019

Before: Garry, P.J., Egan Jr., Lynch and Pritzker, JJ.


Geoffrey Schotter, New York City, for appellant.
William O'Brien, State Insurance Fund, New York City (Vickie R. Cassidy of counsel), for AJK, Inc. and others, respondents.
Jones Jones LLC, New York City (David S. Secesmski of counsel), for Norguard Insurance Company, respondent.



Egan Jr., J.
Appeal from a decision of the Workers' Compensation Board, filed February 14, 2018, which ruled that claimant did not sustain causally-related injuries and denied his claim for workers' compensation benefits.
Claimant, an asbestos handler for several employers, stopped working in November 2011. On October 21, 2014, he filed a claim for workers' compensation benefits, alleging injuries to his back, arms, hands and knees due to repetitive use, citing November 21, 2011 as the date of onset of the injuries and indicating that his last employer had not been notified of the injuries. He later filed a revised claim that cited the date of onset of the injuries as October 30, 2014 and that his last employer was notified on December 16, 2014. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found that ALK, Inc. was the responsible employer and established the claim for an occupational disease to claimant's left shoulder and back, and bilateral carpal tunnel syndrome. Upon review, the Workers' Compensation Board modified the WCLJ's determination by rescinding the establishment of the claim and remitted the matter for further development of the record as to, among other things, causal relationship. Following a hearing upon remittal, the WCLJ concluded that claimant had not established a causal relationship between his employment and his alleged injuries and denied the claim. The Board affirmed, prompting this appeal by claimant.
We affirm. "The Board is empowered to determine the factual issue of whether a causal relationship exists based upon the record, and its determination will not be disturbed when supported by substantial evidence" (Matter of Virtuoso v Glen Campbell Chevrolet, Inc., 66 AD3d 1141, 1142 [2009] [citations omitted]; accord Matter of Oparaji v Books & Rattles, 147 AD3d 1165, 1165 [2017], lv denied 29 NY3d 918 [2017]). "To be entitled to workers' compensation benefits for an occupational disease, a claimant must establish a recognizable link between his or her condition and a distinctive feature of his or her occupation through the submission of competent medical evidence" (Matter of Corina-Chernosky v Dormitory Auth. of State of N.Y., 157 AD3d 1067, 1068 [2018] [ellipsis and citations omitted]; see Matter of Phelan v Bethpage State Park, 126 AD3d 1276, 1277 [2015], lv denied 25 NY3d 911 [2015]).
Claimant presented the medical report of Leonard Bleicher, a physician who first treated him on October 30, 2014. Bleicher opined that claimant suffered from work-related adhesive capsulitis and rotator cuff tear of the left shoulder, carpal joint strain and carpal tunnel syndrome of both wrists, lumbosacral spine strains and lower back pain. According to the report, claimant informed Bleicher that his symptoms were related to his 20 years of working as an asbestos handler — which claimant told him was comprised of "prolonged walking and frequent bending/lifting/overhead/reaching activities" — and that he retired in 2011 due to the progressive worsening of those symptoms.[FN1] Bleicher also reported that claimant related several episodes of worsening chronic lower back pain that required days of bed rest with pain medication and outpatient physical therapy. The record, however, does not contain any medical records indicating that claimant complained about any related pain or sought treatment for his conditions at any time prior to treating with Bleicher in October 2014.[FN2] "Though the Board may not fashion its own expert medical opinions, it may reject medical evidence as incredible or insufficient even where . . . no opposing medical proof is presented" (Matter of Jaquin v Community Covenant Church, 69 AD3d 998, 1000 [2010] [citations omitted]; accord Matter of Kondylis v Alatis Interiors Co., Ltd., 116 AD3d 1184, 1186 [2014]). Inasmuch as Bleicher did not examine claimant until three years after he stopped working and relied, at least in part, on claimant's unsupported description of claimant's medical history in reaching his conclusions regarding a causal relationship, the Board's decision that claimant failed to provide credible evidence of a work-related injury is supported by substantial evidence and will not be disturbed (see Matter of Corina-Chernosky v Dormitory Auth. of State of N.Y., 157 AD3d at 1069-1070; Matter of Rios v Goodwill Indus., 60 AD3d 1243, 1244 [2009]).
Garry, P.J., Lynch and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: In contrast, claimant testified that he did not tell Bleicher that his pain was related to his employment, and that he was unaware that his conditions were work related until Bleicher's diagnosis. The record reflects, however, that claimant filed his initial claim for benefits nine days before his first appointment with Bleicher.

Footnote 2: According to his medical records, claimant had surgery in 2010 to repair a right shoulder rotator cuff tear. Claimant was also diagnosed in 2010 with a meniscal tearing with degenerative disease of his right knee. There is no indication in the medical records that any of these conditions were work-related or that he complained at that time of any pain related to the conditions that are the subject of his claim for benefits. After he stopped working in November 2011, claimant was diagnosed with a medial collateral ligament tear of his left knee that resulted from a fall while skiing in 2012. The medical report concerning the 2012 skiing injury similarly makes no mention of claimant complaining of pain related to the conditions that he maintains resulted in his inability to continue working in 2011 and for which he seeks benefits. Although claimant indicated on both his initial claim for benefits and his revised claim that he first sought related treatment in January 2010, claimant later testified that he could not remember when he first sought treatment for those conditions.