Matter of Barker v New York City Police Dept. (2019 NY Slip Op 07120)





Matter of Barker v New York City Police Dept.


2019 NY Slip Op 07120


Decided on October 03, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 03, 2019

526796

[*1]In the Matter of the Claim of Nielda Barker, Appellant,
v
New York City Police Department, Respondent. Workers' Compensation Board, Respondent.

Calendar Date: September 9, 2019

Before: Lynch, J.P., Clark, Devine and Pritzker, JJ.


John F. Clennan, Ronkonkoma, for appellant.
Zachary W. Carter, Corporation Counsel, New York City (Jared Bretas of counsel), for New York City Police Department, respondent.



Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed August 22, 2017, which ruled that claimant did not sustain a causally-related occupational disease or accidental injury and denied her claim for workers' compensation benefits.
Claimant worked for the employer, a police department, for 29 years, most recently as an evidence property control specialist. Her work duties since 2011 included hand-scanning and storing bags of evidence at the police precinct, releasing seized property to its owner, completing documents on the computer related to the cataloging, tracking and storage of evidence, and loading and transporting evidence to storage facilities. In January 2016, claimant reported to the employer that she was experiencing pain in both shoulders and arms. In November 2016, she filed a claim for workers' compensation benefits citing injuries to her right shoulder, bicep and elbow and her left wrist, forearm and elbow, which she attributed to repetitive overhead activities and lifting of heavy objects. Following claimant's submission of medical reports and a hearing at which only claimant testified, a Workers' Compensation Law Judge determined that claimant had not sustained an occupational disease or a repetitive stress accidental injury and denied her claim for workers' compensation benefits. Upon claimant's appeal, the Workers' Compensation Board upheld that determination. Claimant appeals.
We affirm. Claimant contends that she established that her shoulder injuries constitute an occupational disease within the meaning of the Workers' Compensation Law. Workers' Compensation Law § 2 (15) defines an occupational disease as "a disease resulting from the nature of employment and contracted therein." To establish an occupational disease, the claimant must demonstrate "a recognizable link between his or her condition and a distinctive feature of his or her employment" (Matter of Garcia v MCI Interiors, Inc., 158 AD3d 907, 908 [2018] [internal quotation marks and citations omitted]; see Matter of Mack v County of Rockland, 71 NY2d 1008, 1009 [1988]; Matter of Corina-Chernosky v Dormitory Auth. of State of N.Y., 157 AD3d 1067, 1068 [2018]). Importantly, "the Board's decision as to whether to classify a certain medical condition as an occupational disease is a factual determination that will not be disturbed if supported by substantial evidence" (Matter of Scott v Bimbo Bakeries USA, Inc., 171 AD3d 1421, 1422 [2019]; see Matter of Yanas v Bimbo Bakeries, 134 AD3d 1321, 1321 [2015]).
Claimant offered detailed testimony regarding her job duties in the three years prior to the onset of symptoms that included handling small items of personal property, as well as periodic weekly lifting, with assistance, of heavier property such as electric scooters, food carts and computers, onto trucks or into cars for transport to storage facilities. Claimant offered no medical testimony, only medical records stating that her injuries were work-related and reports from MRIs of her shoulders indicating that she had tendon tears in both shoulders. The record does not reflect that claimant's medical providers had adequate knowledge of her work activities or medical history (see Matter of Yanas v Bimbo Bakeries, 134 AD3d at 1321). Consequently, neither claimant's testimony nor the medical evidence was sufficient to establish a recognizable link between her shoulder injuries and a distinctive feature of her work, or that her shoulder injuries were attributable to repetitive movements associated with her work (see Matter of Nock v New York City Dept. of Educ., 160 AD3d 1238, 1238-1239 [2018]; Matter of Connolly v Covanta Energy Corp., 123 AD3d 1394, 1396 [2014], lv denied 25 NY3d 910 [2015]; see also Matter of Mack v County of Rockland, 71 NY2d at 1009; compare Matter of Scott v Bimbo Bakeries USA, Inc., 171 AD3d at 1423; Matter of Garcia v MCI Interiors, Inc., 158 AD3d at 908; Matter of Yonkosky v Town of Hamburg, 158 AD3d 860, 862 [2018]). The record therefore contains substantial evidence to support the Board's conclusion that claimant failed to establish that she sustained an occupational disease.
Additionally, the Board properly rejected claimant's argument that she sustained an accidental injury to her shoulders, left forearm and left wrist. Although an accidental injury may develop over time rather than suddenly, claimant failed to make the requisite showing, with competent medical evidence, that any of her conditions resulted from "unusual environmental conditions or events assignable to something extraordinary" (Matter of Johannesen v New York City Dept. of Hous. Preserv. & Dev., 84 NY2d 129, 138 [1994]; accord Matter of Connolly v Covanta Energy Corp., 123 AD3d at 1394). Claimant's remaining arguments, to the extent preserved for our review, lack merit.
Lynch, J.P., Devine and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.