■ In the Matter of the Claim of LAWRENCE J. SCALLO, Respondent, v HOLMES PROTECTION, INC., et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Yesawich Jr., J. Appeal from a decision of the Workers' Compensation Board, filed February 12, 1990, which discharged the Special Funds Conservation Committee.

Claimant sustained a compensable back injury on April 30, 1981. His case was closed January 27, 1983 and the last payment of workers' compensation benefits was in February of

that year. By order filed September 20, 1988, the Workers' Compensation Board granted claimant's application, filed August 23, 1988, to reopen his case and the matter was restored to the Workers' Compensation Law § 25-a trial calendar. The application to reopen was based upon the representation by claimant's counsel that claimant had discontinued working because of his disability and it was accompanied by a C-4 form dated August 6, 1988 from Robert Cassano, a chiropractor. In the C-4 form, Cassano certified that he had treated claimant for "acute severe lumbo sacral myalgia/myositis", characterized as a permanent partial disability.

At a preliminary trial conference on March 17, 1989, claimant testified that he had been cared for by Cassano in 1987 and 1988 and had furnished his employer a note from the doctor dated May 11, 1987; the note, which was filed with the Board on April 14, 1989, stated that Cassano was treating claimant for the previously noted condition and that claimant had a muscle spasm in his lower back which caused radiating pain in both legs. In its decision holding that the Special Funds Conservation Committee was not liable, the Board specifically found "that the note dated May 11, 1987 and the C4 dated August 6, 1988 do not comprise evidence showing a change in medical condition pursuant to [Workers' Compensation Law] Section 25-a".

The employer's carrier and the Special Funds dispute whether Cassano's May 11, 1987 note was filed with the Board within seven years from the date claimant was injured as required by Workers' Compensation Law § 25-a. It is unnecessary, however, to resolve this issue for the dispositive fact is that the Board's interpretation of Cassano's note does not indicate a change in claimant's condition. When Cassano's diagnosis is contrasted with an earlier C-4 form submitted by claimant's attending physician on November 19, 1981, wherein it was reported that claimant "still has pain lower back and restricted motion; cont. & sprain low back" (described as a permanent partial disability), it is readily apparent that the Board's interpretation is neither strained nor unreasonable (see, Matter of Tripoli v Crucible Steel Co., 12 AD2d 425, affd 10 NY2d 877). The Board's decision is, therefore supported by substantial evidence.

Inasmuch as the Board found as a fact, and was justified in doing so, that there was no record basis for it to reopen claimant's case within the seven years, it accordingly acted contrary to law when it relieved the Special Funds of liability. The Special Funds should therefore be placed on notice and

held responsible in accordance with Worker's Compensation Law § 25-a, and the employer's workers' compensation carrier should be removed and discharged from all further notice and liability herein.

Mahoney, P. J., Weiss, Crew III and Harvey, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this court's decision.