■ In the Matter of the Claim of ROSE KRAJAS (BORKOWSKI), Respondent, v CHEVY PONTIAC CANADA GROUP, Appellant, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed September 20, 1991, which, *inter alia,* ruled that the self-insured employer remained responsible for the payment of the claim.

The Workers' Compensation Board has continuing jurisdiction over its cases and may make "such modification or change with respect to former findings, awards, decisions or orders relating thereto, as in its opinion may be just" (Workers' Compensation Law § 123; *see, Matter of Felder v City of New York Traffic Law Dept.,* 110 AD2d 966, *lv denied* 65 NY2d 611). Here, although the case was marked closed on June 18, 1980, claimant's attorney, by letter dated June 30, 1980 and received by the Board on July 2, 1980, contended that claimant was entitled to a reduced earnings award beyond the date of the closing. In addition, as the Board noted, the letter was inadvertently filed with no action taken on it.

Under the circumstances, we cannot say that the Board erred in determining that the letter was a duly filed application for compensation, that it alerted the self-insured employer that claimant intended further proceedings against the employer and that the employer was therefore not relieved of responsibility under Workers' Compensation Law § 25-a *(see, Matter of Felder v City of New York Traffic Law Dept., supra).* The application was in the form of an appeal of the decision closing the case. As we have stated, "there is no requirement that the application be submitted in any particular form as long as it sets forth sufficient facts to establish its purpose" *(Matter of Italiano v Mobil Oil Corp.,* 50 AD2d 638, 639). We also note that the letter was filed within seven years of the accident and within three years of the last payment of compensation *(see,* Workers' Compensation Law § 25-a [1]; *see also, Matter of Gyory v Fairchild Indus.,* 151 AD2d 956, *lv dismissed* 74 NY2d 945, *lv denied* 78 NY2d 859).

Yesawich Jr., J. P., Levine, Crew III, Mahoney and Harvey, JJ., concur. Ordered that the decision is affirmed, with costs to the Special Fund for Reopened Cases.