■ In the Matter of the Claim of KIM M. CAGLE, as Voluntary Administrator of the Estate of JOHN R. CAGLE, Deceased, Appellant, v JUDGE MOTOR CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [819 NYS2d 333]—

Rose, J. Appeals (1) from a decision of the Workers' Compensation Board, filed January 13, 2005, which dismissed the claim

as time-barred, and (2) from a decision of said Board, filed June 20, 2005, which denied claimant's request for reconsideration or full Board review.

John R. Cagle (hereinafter decedent) injured his back at work in 1988, but died from ventricular fibrillation in 1990 before the merits of his workers' compensation claim for the back injury could be determined. Decedent's widow then applied for death benefits alleging that his death was a consequence of his back injury, but her claim was dismissed for lack of medical evidence in 1991. Despite some correspondence regarding an appeal, no further action was taken by decedent's family until 12 years later, in 2003, when claimant, decedent's daughter, sought to re-open the case based on alleged new evidence. The Workers' Compensation Board found this attempt to reopen the case to be untimely under Workers' Compensation Law § 123, and later denied claimant's request for reconsideration. Claimant appeals both determinations, contending that the case was never truly closed and, in any event, her submission of new evidence in 2003 warranted reopening.

Whether a case has been truly closed "is a question of fact for the Board and depends upon whether further proceedings are contemplated at the time of the closing" (*Matter of Knapp v Empire Aluminum Indus.*, 256 AD2d 811, 811 [1998]; *see Matter of Hantz v Brightman Agency*, 29 AD3d 1098, 1100 [2006]; *Matter of Carubia v Colt Indus. [Crucible Steel]*, 12 AD3d 827, 828 [2004]). Here, the Board decision issued in 1991 states that the case was closed for lack of medical evidence. While claimant's sister wrote to the Board expressing a desire to appeal in 1991 and submitted a brief letter in which a physician, who had last evaluated decedent two years before his death, merely stated that decedent's back injury had been "one of several ongoing stressors prior to his death," it is clear that substantial evidence supports the Board's decision that this submission was insufficient to warrant continuation of the case. Also, contrary to claimant's contentions, her sister's minimal efforts to pursue an appeal were insufficient to toll the time within which to request a reopening of the case.

The Board retains jurisdiction to reopen, modify or rescind a prior determination (*see* Workers' Compensation Law § 123), and the applicable regulations make provision for reopening where "certain material evidence not available for presentation before the board at the time of hearing is now available" (12 NYCRR 300.14 [a] [1]). However, the exercise of that power rests in the Board's discretion and, absent an abuse thereof, will not be disturbed on appeal (*see Matter of Palma v New York*

*City Dept. of Corrections*, 301 AD2d 774, 775 [2003]; *Matter of Druziak v Town of Amsterdam, Cranesville Fire Dept.*, 209 AD2d 870, 871-872 [1994], *lv denied* 85 NY2d 809 [1995]). Here, claimant submitted a slightly longer letter in 2003 expressing no more than a conclusory opinion by the same physician, and she failed to adequately explain why such evidence could not be produced until 12 years after the case was closed. As the underlying basis for the physician's opinion clearly had been in existence at least since 1990, claimant failed to show that comparable medical evidence was unavailable at the time of the original proceedings (*see Matter of Palma v New York City Dept. of Corrections, supra* at 775). Thus, we find no basis to disturb the Board's denial of claimant's application.

Nor was the Board's decision to deny her request for full Board review and reconsideration arbitrary, capricious or an abuse of discretion (*see Matter of Ford v New York City Tr. Auth.*, 27 AD3d 792, 794 [2006], *lv dismissed* 7 NY3d 741 [2006]). Claimant's remaining contention that the carrier waived the application of Workers' Compensation Law § 123 by failing to raise it before the Workers' Compensation Law Judge is without merit (*see Matter of Naylon v Erie County Highway Dept.*, 14 AD3d 932, 932-933 [2005]).

Mercure, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.