In the Matter of the Claim of BRIAN CHARLES COLELLA, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [846 NYS2d 423]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed May 23, 2006, which ruled that claimant was discriminated against by the employer in violation of Workers' Compensation Law § 120.

Claimant, an electrician with provisional employee status, was exposed to asbestos during a hospital renovation project. He thereafter filed with his employer an occupational injury report regarding the exposure and discussed his intention to assert a workers' compensation claim. Three days later, claimant received a work performance assessment which indicated that he met the standards in all respects. Five days after that, claimant was terminated. Claimant testified that, when he asked the employer why he was fired, he was told "we don't have to tell you." Alleging that he was wrongly discharged for asserting a workers' compensation claim, claimant filed a complaint pursuant to Workers' Compensation Law § 120. Following a hearing at which the employer failed to appear, a Workers' Compensation Law Judge upheld the complaint and the Workers' Compensation Board thereafter affirmed that decision. The employer now appeals.

Initially, contrary to the employer's contention, we do not find that the Board abused its discretion in declining to reopen the hearing (*see* 12 NYCRR 300.14). The record reveals that the employer received adequate advance notice of the hearing, yet never requested an adjournment.

Turning to the merits, it is unlawful for an employer to discharge an employee on the basis that such employee has claimed or attempted to claim workers' compensation benefits (*see* Workers' Compensation Law § 120). Here, claimant's testimony concerning the timing of events regarding his informing the employer about his harmful exposure to asbestos, his satisfactory work performance evaluation, his uncontradicted testimony that he had been informed that his provisional employment was to be extended and his ultimate termination without explanation provide substantial evidence to support the Board's decision that the employer fired claimant in violation of Workers' Compensation Law § 120 (*see Matter of Little v Gaines Elec. Contr., Inc.*, 36 AD3d 1056, 1057 [2007]). Accordingly, the Board's decision is affirmed.

Cardona, P.J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.