■ In the Matter of the Claim of INEZ EWING, Respondent, v YMCA et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [868 NYS2d 411]—

Carpinello, J.

Claimant, a kitchen worker, sustained a left leg injury in September 1989 for which accident, notice and causality were subsequently established. In November 2001, claimant was awarded a schedule loss of use of 7.5% based upon a May 2000 C-4 form and accompanying narrative submitted by Dwiref Mehta, her treating physician. The last payment of compensation pursuant to such finding was made in November 2001. In October 2004, claimant submitted a handwritten letter to the Workers' Compensation Board requesting that her case be reopened, which request was denied. Claimant then filed a request for further action in June 2005, based upon a March 2005 medical report by Mehta opining that claimant's condition had worsened to a 25% schedule loss of use. The Board reopened the case, the Special Fund for Reopened Cases was placed on notice and the Board subsequently determined that liability was transferred to the Special Fund by operation of Workers' Compensation Law § 25-a. The Special Fund now appeals and we affirm.

Generally, liability is properly shifted to the Special Fund when a case is closed and subsequently reopened more than seven years after the date of injury and more than three years after the last payment of compensation (see Workers' Compensation Law § 25-a [1]; *Matter of Barberie v Helmsley Spear Co.*, 51 AD3d 1289, 1290 [2008]). Although a request to reopen need not be made in any particular form, it must set forth facts suf-

ficient to establish the claimant's right to reopen (*see Matter of Krajas v Chevy Pontiac Canada Group*, 188 AD2d 829 [1992]; *Matter of Italiano v Mobil Oil Corp.*, 50 AD2d 638, 639 [1975]). Reopening may occur when a claimant presents evidence that was either previously unavailable or that a material change in his or her condition has occurred (*see* 12 NYCRR 300.14 [a] [1], [2]; *Matter of Cagle v Judge Motor Corp.*, 31 AD3d 1016, 1017-1018 [2006], *lv dismissed* 7 NY3d 922 [2006]; *Matter of Palma v New York City Dept. of Corrections*, 301 AD2d 774, 774-775 [2003]). The Board's interpretation of a request for reopening (*see Matter of Krajas v Chevy Pontiac Canada Group*, 188 AD2d at 829; *Matter of Scallo v Holmes Protection*, 176 AD2d 384, 385-386 [1991]), and its decision about whether to reopen a case, are matters within its discretion, and the Board's decision will not be disturbed absent an abuse of discretion (*see* 12 NYCRR 300.14 [c]; *Matter of Colella v New York City Health & Hosps. Corp.*, 45 AD3d 1078, 1079 [2007]; *Matter of Cagle v Judge Motor Corp.*, 31 AD3d at 1017).

Here, claimant's October 2004 letter requesting a reopening of her case stated no basis for the request and merely appended Mehta's May 2000 documents that had already been submitted previous to claimant's initial schedule loss of use award. Because there were no grounds for reopening the case at that time, the Board properly denied claimant's request (*see* 12 NYCRR 300.14 [a] [1], [2]; *Matter of Cagle v Judge Motor Corp.*, 31 AD3d at 1017-1018). Thus, the Board's determination that claimant's October 2004 letter did not constitute an application for reopening, and its subsequent transfer of liability to the Special Fund based upon claimant's June 2005 request, were supported by substantial evidence (*see Matter of Fuentes v New York City Hous. Auth.*, 53 AD3d 873, 873-874 [2008]; *Matter of Ash v Native Laces & Textiles Co.*, 85 AD2d 822, 822-823 [1981]).

Mercure, J.P., Spain, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.