■ In the Matter of the Claim of ANDREW DEFAYETTE, Appellant, v VERIZON et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [882 NYS2d 547]—

Stein, J. Appeal from a decision of the Workers' Compensation Board, filed November 29, 2007, which denied claimant's request to reopen his case.

Claimant suffered a work-related injury to his back in January 2003 and was awarded workers' compensation benefits. In October 2004, although claimant's physician opined that he remained totally disabled, an independent medical examiner concluded that claimant had no disability and could work without any restrictions. Based on the latter opinion, the self-insured employer suspended claimant's workers' compensation benefits. Following two hearings at which medical testimony was provided, a Workers' Compensation Law Judge (hereinafter WCLJ) concluded that claimant's complaints of pain were not substantiated by any objective findings. On appeal, the Workers' Compensation Board affirmed that determination and closed the case. Claimant's request for full Board review was denied and his appeal to this Court was not perfected. Thereafter, claimant—represented by new counsel—submitted multiple reports from treating physicians attempting to establish that he remained unable to work as a result of his back injury. After a

further hearing, a different WCLJ declined to reopen claimant's case, concluding that all relevant issues had been fully litigated, addressed and resolved. The Board concurred with that assessment and upheld the WCLJ's determination. On this appeal, claimant asserts that the Board failed to consider all of the pertinent medical evidence prior to rendering its decision.

We disagree and affirm. "The Board retains jurisdiction to reopen, modify or rescind a prior determination (*see* Workers' Compensation Law § 123), and the applicable regulations make provision for reopening where 'certain material evidence not available for presentation before the [B]oard at the time of hearing is now available' (12 NYCRR 300.14 [a] [1]). However, the exercise of that power rests in the Board's discretion and, absent an abuse thereof, will not be disturbed on appeal" (*Matter of Cagle v Judge Motor Corp.*, 31 AD3d 1016, 1017-1018 [2006], *lv dismissed* 7 NY3d 922 [2006]). Here, inasmuch as the additional evidence proffered by claimant was either available at the time of the prior determinations or failed to indicate a material change in his condition, we discern no basis on which to disturb the Board's denial of his request to reopen his claim (*see Matter of Palma v New York City Dept. of Corrections*, 301 AD2d 774, 775 [2003]). In any event, on both occasions that it considered the matter, the Board acknowledged that claimant had submitted medical evidence—including medical records from treating physicians—indicating a further causally related disability. Notwithstanding its consideration of such evidence, the Board elected to credit the opinion of the independent medical examiner who, in addition to stating that there was no evidence of a disability, testified that claimant was not merely magnifying symptoms, but that he was complaining of symptoms "that were not objectified at all." Such a resolution of conflicting medical evidence was entirely within the Board's province (*see Matter of Robinson v New Venture Gear*, 9 AD3d 571, 572 [2004]).

Cardona, P.J., Mercure, Lahtinen and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.