In the Matter of the Claim of ALBERT PUCCI, Appellant, v DCH AUTO GROUP, Respondent, et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [935 NYS2d 174]—

Egan Jr., J.

In October 2003, claimant, a general sales manager for DCH Auto Group, sustained work-related injuries to his neck, back and ribs as the result of a motor vehicle accident and was awarded workers' compensation benefits. Although claimant returned to work in December 2003, he left his employment with DCH in May 2004 and accepted a position as a sales consultant with Lexus of Greenwich at a lower rate of pay. Two months later, claimant requested a reduced earnings award and, in August 2005, the Workers' Compensation Board denied the request, finding that claimant left his job at DCH for personal reasons unrelated to his compensable injuries. The case was closed and claimant did not appeal that decision.

In April 2008, claimant sought to reopen his claim—again seeking a reduced earnings award. Following a hearing, a Workers' Compensation Law Judge denied the request, concluding that such claim merely was a reiteration of the original claim for reduced earnings filed in 2004 and denied in 2005. The Board affirmed, finding that claimant had not set forth sufficient facts to warrant reopening the claim. Claimant's subsequent application for reconsideration or full Board review was denied, and claimant now appeals both of those decisions.

We affirm. To the extent that claimant contends that he is eligible for a reduced earnings award because his underlying injuries compelled him to leave his employment with DCH and accept a lower-paying position, inasmuch as claimant did not appeal the Board's August 2005 decision, the merits of that claim are not properly before us (*see Matter of Speer v Wackenhut Corp.*, 15 AD3d 734, 735 [2005]).

As for claimant's request to reopen, the Board may reopen, modify or rescind a prior determination where, as relevant here, a claimant presents proof that a material change in condition has occurred (*see* 12 NYCRR 300.14 [a] [2]; *see also* Workers' Compensation Law § 123). Whether to reopen a case is a matter committed to the Board's sound discretion, and its decision will

not be disturbed on appeal absent an abuse thereof (*see Matter of Thomas v Crucible Materials Corp.*, 73 AD3d 1323, 1324 [2010]). Here, as proof of a material change in condition, claimant relied solely upon the fact that he underwent back surgery in 2007. Upon due consideration of claimant's and the employer's respective submissions, the Board found an insufficient basis upon which to reopen the claim, and our review of the record reveals no reason to disturb the Board's decision in this regard (*see Matter of Defayette v Verizon*, 64 AD3d 836, 837 [2009]).

We reach a similar conclusion regarding the Board's denial of claimant's application for reconsideration or full Board review, as we cannot say that the Board's decision was arbitrary or capricious or otherwise constituted an abuse of discretion (*see Matter of Siliverdis v Sea Breeze Servs. Corp.*, 82 AD3d 1459, 1460 [2011]; *Matter of Hulbert v Cortland County Sheriff's Dept.*, 69 AD3d 987, 989 [2010], *lv denied* 14 NY3d 710 [2010]). Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, A.P.J., Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the decisions are affirmed, without costs.