Matter of Gallagher v Hines Interests Ltd. Partnership (2020 NY Slip Op 06431)





Matter of Gallagher v Hines Interests Ltd. Partnership


2020 NY Slip Op 06431


Decided on November 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

530453

[*1]In the Matter of the Claim of Edward Gallagher, Appellant,
v
Hines Interests Limited Partnership et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: October 21, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Pasternack Tilker Ziegler Walsh Stanton & Romano LLC, New York City (Michael K. Gruber of counsel), for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for Hines Interests Limited Partnership and another, respondents.



Colangelo, J.
Appeal from a decision of the Workers' Compensation Board, filed April 26, 2019, which, among other things, denied claimant's request to reopen his workers' compensation claim.
Following an August 2014 work-related accident, claimant established a workers' compensation claim for a right bicep tear injury, which was subsequently amended to include right carpal tunnel. In April 2016, Daniel Tomlinson, claimant's treating physician, opined that claimant had reached maximum medical improvement and had a 33&frac13;% schedule loss of use (hereinafter SLU) of his right arm. In addition, Samir Sodha, another of claimant's physicians, evaluated claimant's right hand, concluding that claimant had reached maximum medical improvement and had a non-schedulable disability of his right hand. Paul Kleinman, an independent medical examiner, also evaluated claimant and opined that claimant sustained a 20% SLU of the right arm, but specifically noted that no evaluation was made regarding an SLU of claimant's right hand. Following deposition testimony from both Tomlinson and Kleinman, the Workers' Compensation Board, in a decision filed December 14, 2016, approved the parties' stipulation that claimant had a 33&frac13;% SLU of the right arm and no SLU of his right hand. As a result of the stipulation, the claim was marked no further action by the Board.
Claimant continued treatment for his right hand and, in 2018, submitted a permanency report from Sodha, who opined that claimant had a 30% SLU of his right hand. Although Kleinman also evaluated claimant's right hand and agreed that there was a 30% SLU, the employer and its workers' compensation carrier contested an SLU award, contending that claimant had not established a sufficient change in condition to reopen the claim and, further, that claimant had waived any SLU to the right hand by the terms of the stipulation. Following a hearing, a Workers' Compensation Law Judge found that claimant had a 30% SLU of his right hand and awarded, among other things, workers' compensation benefits. Upon administrative appeal, the Board, among other things, rescinded the award and found that claimant did not demonstrate a change in condition to warrant reopening of the claim. Claimant appeal.
We affirm. It is within the Board's discretion whether to reopen a claim upon an application of any party in interest based upon — as is relevant here — proof of a change in condition (see Workers' Compensation Law § 22; 12 NYCRR 300.14 [a] [2]; see also Matter of Ewing v YMCA, 57 AD3d 1080, 1081 [2018]). The Board may, in its discretion, require the applicant to submit further proof before determining whether to grant such application (see 12 NYCRR 300.14 [a] [2], [b]). "The Board may deem medical reports an application to reopen if the reports give it sufficient notice of a change in a claimant's condition, rather than simply indicating continued disability and treatment" (Matter of Donnelly v Alden Cent. Schools, 83 AD3d 1368, 1368 [2011] [citations omitted]).
When the parties entered the stipulation, wherein claimant stipulated to no SLU of the right hand, the medical evidence relating thereto indicated that, as of April 2016, claimant had reached maximum medical improvement and had a partial permanent impairment of moderate severity due to median nerve dysfunction at the carpal tunnel and complaints of pain and numbness. Although claimant continued to seek medical treatment for his right hand, the medical records reflect claimant's persistent complaints of pain and numbness due to the nerve dysfunction at the carpal tunnel, which was consistent with the medical records submitted at the time that the stipulation was entered. Notwithstanding the medical conclusions that claimant has a 30% SLU of his right hand, we find no error in the Board decision not to reopen the claim given that the medical records do not demonstrate any change in claimant's condition sufficient to warrant reopening (see 12 NYCRR 300.14 [a] [2]; Matter of Renz v Home Depot USA, Inc., 73 AD3d 1244, 1245 [2010], lv dismissed 15 NY3d 833 [2010]). Furthermore, even if, as urged by claimant, the Board, in fact, reopened the claim by referring the matter back to the calendar for development of the record regarding an SLU of his right hand, the record does not establish a change in condition to justify the alteration of the terms of the stipulation (see Workers' Compensation Law § 22; Matter of Renz v Home Depot USA, Inc., 73 AD3d at 1245). Claimant's remaining contentions, including that the Board fashioned its own medical opinion, have been reviewed and found to be without merit.
Egan Jr., J.P., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.