Matter of Taylor v Buffalo Psychiatric Ctr. (2021 NY Slip Op 06021)





Matter of Taylor v Buffalo Psychiatric Ctr.


2021 NY Slip Op 06021


Decided on November 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 4, 2021

532883
[*1]In the Matter of the Claim of Gwendolyn Taylor, Appellant,
v
Buffalo Psychiatric Center, Respondent, and State Insurance Fund, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:October 14, 2021

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Collins & Collins Attorneys, LLC, Buffalo (Rebecca R. Rabideau of counsel), for appellant.
The Law Offices of Melissa A. Day, PLLC, Amherst (Melissa A. Day of counsel), for State Insurance Fund, respondent.



Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed August 1, 2019, which denied claimant's request to reopen or rehear a prior decision.
Claimant filed a claim for workers' compensation benefits after she injured her left shoulder on December 17, 2014 in a work-related accident, which injury resulted in, among other things, rotator cuff repair and distal clavicle excision surgery. Upon reaching maximum medical improvement, claimant's orthopedic surgeon filed a C-4.3 Doctor's Report of Maximum Medical Improvement/Permanent Impairment form, as well as an attached medical narrative setting forth his findings and relevant diagnostic test results. The C-4.3 form indicated that claimant sustained a 15% schedule loss of use (hereinafter SLU) of the left shoulder; however, the medical narrative opined that claimant sustained a 35% SLU of the left shoulder — attributing 15% to the rotator cuff tear, 10% to the distal clavicle excision and 10% to mild loss of internal and external rotation.
The Workers' Compensation Board then sent a notice regarding a possible award of permanency to the employer and its workers' compensation carrier indicating that the medical report from the orthopedic surgeon opined that claimant had a 15% SLU of her left shoulder. A letter in response from the carrier stated that it accepted the opinion of the orthopedic surgeon and that it would not be scheduling an independent medical examination. Thereafter, on May 5, 2016, the Board filed a proposed decision finding, among other things, that claimant sustained a 15% SLU of her left arm, noting that any objection to the findings should be filed before June 9, 2016, otherwise the proposed decision would become final. Neither claimant, who was unrepresented, nor the employer or its carrier filed any objections.
In September 2016, claimant sustained another workplace injury to her left shoulder, for which she filed another workers' compensation claim and obtained counsel. While reviewing claimant's medical records, claimant's counsel discovered the discrepancy in the SLU percentage between the
C-4.3 form and the medical narrative pertaining to prior injury. Thereafter, on April 16, 2019, claimant filed an application for a rehearing or reopening of the May 5, 2016 proposed decision, asserting that she was unaware of the findings made by the orthopedic surgeon as she relied on the information provided by the Board and that, in the interest of justice, the Board's decision should be modified to reflect a 35% SLU resulting from the December 17, 2014 work-related accident. The Board, by decision filed August 1, 2019, denied the application. Claimant appeals.
We reverse. Whether to grant an application for reopening or rehearing in the interest of justice is a matter left to the Board's discretion and our review of that decision is limited to whether there was an abuse of that discretion (see 12 NYCRR 300.14; Matter of Kariauli v Weider, 175 AD3d 1757, 1758 [[*2]2019]; Matter of Mejia v Drake Group, LLC, 123 AD3d 1361, 1362 [2014]; Matter of Visic v O'Nero & Sons Constr. Co., 115 AD3d 1082, 1082 [2014]; Matter of Ewing v YMCA, 57 AD3d 1080, 1081 [2008]). Upon our review of the Board's decision, we find that such discretion was abused here. Although the C-4.3 form notes that claimant's left shoulder is 15% impaired, it directs that the orthopedic surgeon's findings are set forth in the attached medical narrative. The substance of the attached medical narrative clearly sets forth in detail that claimant sustained a 35% SLU of the left shoulder — attributing 15% to full thickness rotator cuff tear, 10% distal clavicle excision and 10% mild loss of internal and external rotation. The carrier, who received the medical narrative along with the C-4.3 form, specifically accepted the medical opinion without objection. "Notably, while the Board is free to reject the opinion of an expert where it finds such to be unconvincing or incredible, it may not reject an uncontradicted opinion that is properly rendered" (Matter of Visic v O'Nero & Sons Constr. Co., 115 AD3d at 1082 [citations omitted]). Because the only medical opinion before the Board clearly reflects that claimant suffered a 35% SLU of the left shoulder, we find that the Board's denial of the application to reopen the claim to modify the decision in the interest of justice was an abuse of discretion. We are unpersuaded that the carrier, who received the medical narrative and specifically waived any further evaluation of claimant, is prejudiced under the circumstances.
Garry, P.J., Egan Jr., Aarons and Colangelo, JJ., concur.
ORDERED that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.