Matter of Yi Sun v State Ins. Fund (2022 NY Slip Op 00226)





Matter of Yi Sun v State Ins. Fund


2022 NY Slip Op 00226


Decided on January 13, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 13, 2022

531567
[*1]In the Matter of the Claim of Yi Sun, Appellant,
v
State Insurance Fund et al., Respondents. Workers' Compensation Board, Respondent. (And Another Related Claim.)

Calendar Date:November 19, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Yi Sun, New York City, appellant pro se.
Tanisha S. Edwards, State Insurance Fund, Albany (Kay Rahbar of counsel), for State Insurance Fund and another, respondents.



Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed August 14, 2020, which, among other things, denied claimant's request to reopen two workers' compensation claims.
In October 2002, claimant established a workers' compensation claim (case number 00319053) for occupational bronchitis causally related to her employment as a jeweler technician. Ultimately, by decision filed December 20, 2012, claimant was classified with a 40% permanent partial disability and, based upon her average weekly wage, received ongoing benefits at a rate of $78.06 a week.
In 2008, claimant, who was working as a hotel housekeeper, established an additional, unrelated workers' compensation claim (case number 00839618) for work-related injuries to her back, right shoulder and right elbow. In a decision filed January 21, 2015, claimant was classified with a permanent partial disability and found to have sustained a 40% loss of wage-earning capacity, entitling her to 275 weeks of indemnity benefits at a rate of $150 a week. Claimant's permanent partial disability benefits were apportioned equally between the two claims.
In January 2020, claimant filed requests for further action on both of her workers' compensation claims, seeking an increase in her benefits and requesting emergency medical and financial assistance. The request was based upon her assertion that she was unable to afford necessities of living given the expiration of her indemnity benefits and that her conditions have worsened since the prior classifications. Ultimately, the Workers' Compensation Board, by decision filed August 14, 2020, treated claimant's applications as requests for reopening of her prior claims for potential purposes of reclassification. The Board found, among other things, that there was insufficient evidence to demonstrate a change in condition warranting reclassification and that she is not entitled to an extreme hardship redetermination pursuant to Workers' Compensation Law § 35 (3). Claimant appeals.
We affirm. A request for reopening of a claim must, as is relevant here, set forth sufficient facts to establish that a material change in the claimant's condition has occurred (see 12 NYCRR 300.14 [a] [2]; Matter of Ewing v YMCA, 57 AD3d 1080, 1080-1081 [2008]). "The Board's interpretation of a request for reopening, and its decision about whether to reopen a case, are matters within its discretion, and the Board's decision will not be disturbed absent an abuse of discretion" (Matter of Ewing v YMCA, 57 AD3d at 1081 [citations omitted]). Here, other than claimant's assertion that her condition has worsened, there is no medical report or other documentation to demonstrate that claimant's overall physical condition has deteriorated or that her degree of disability in either case has changed. Given such lack of evidence, the Board's denial of the application for reopening seeking reclassification will not be disturbed (see Matter of Gallagher v Hines Interests Ltd[*2]. Partnership, 188 AD3d 1395, 1397 [2020]; Matter of Francis v Jewelry Box Corp. of Am., 128 AD3d 1292, 1292-1293 [2015], lv dismissed 26 NY3d 981 [2015]; Matter of Pucci v DCH Auto Group, 90 AD3d 1255, 1255-1256 [2011]).
We also find no error in the Board's denial of claimant's request for an extreme hardship redetermination pursuant to Workers' Compensation Law § 35 (3). Workers' Compensation Law § 35 (3) provides that, "[i]n cases where the loss of wage-earning capacity is greater than [75%], a claimant may request, within the year prior to the scheduled exhaustion of indemnity benefits under [Workers' Compensation Law § 15 (3) (w)], that the [B]oard reclassify the claimant to permanent total disability or total industrial disability due to factors reflecting extreme hardship." As claimant did not timely file a request for such redetermination within a year prior to the exhaustion of her indemnity benefits, nor does she meet the threshold of a loss of wage-earning capacity of greater than 75%, the Board did not err in finding that she was not entitled to a redetermination on the basis of extreme hardship. We have reviewed claimant's remaining contentions and find them to be unpersuasive.
Egan Jr., J.P., Lynch, Clark and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.