Matter of Mallen v ACE Tinsmith & Bldg. Prods. (2022 NY Slip Op 02601)

Matter of Mallen v ACE Tinsmith & Bldg. Prods.

2022 NY Slip Op 02601

Decided on April 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 21, 2022

533430
[*1]In the Matter of the Claim of Richard Mallen, Appellant,
v
ACE Tinsmith & Building Products et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:March 21, 2022

Before:Garry, P.J., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Law Firm of Alex Dell, PLLC, Albany (Nicholas A. Fusco of counsel), for appellant.
Gitto & Niefer, LLP, Binghamton (Jason M. Carlton of counsel), for Ace Tinsmith & Building Products and another, respondents.

Garry, P.J.
Appeals (1) from a decision of the Workers' Compensation Board, filed November 13, 2020, which ruled that the reopening of the claim was barred by Workers' Compensation Law § 123, and (2) from a decision of said Board, filed February 17, 2021, which denied claimant's application for reconsideration and/or full Board review.
In October 1984, claimant suffered a work-related injury to his left leg. By decision dated May 1, 1987, he was classified with having a permanent partial disability and awarded ongoing lost wage benefits, and the case was identified as "closed." In August 1993, the workers' compensation carrier, acting on behalf of the employer (hereinafter collectively referred to as the carrier), filed a C-8 notice of suspension of benefits with the Workers' Compensation Board, based upon claimant's incarceration while awaiting criminal trial; claimant was ultimately convicted of murder in the second degree. In 2020, following his release from prison roughly two years earlier, claimant filed a request for further action, seeking the resumption of the payment of his benefits retroactive to the date of his release. The carrier opposed the application and raised the issue of whether the claim was barred by Workers' Compensation Law § 123, among other defenses. Following multiple hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) found, in a July 2020 reserved decision, that, because the case had been truly closed following the 1987 decision and had not been reopened within the applicable statutory time frame, Workers' Compensation Law § 123 precluded any further claim on awards to claimant. Upon administrative review, the Board affirmed, adopting the WCLJ's findings of fact and reserved decision. The Board denied claimant's subsequent application for reconsideration and/or full Board review. Claimant appeals from both Board decisions.
We affirm. Workers' Compensation Law § 123 provides, in pertinent part, that no "award of compensation . . . [shall] be made . . . against an employer or an insurance carrier where application therefor is made after a lapse of eighteen years from the date of the injury . . . and also a lapse of eight years from the date of the last payment of compensation." "This eighteen-and-eight-year time limitation applies only to cases which have been closed and are being reopened, but would not bar a new claim or continuing consideration of an open case" (Matter of Holsopple v United Parcel Serv., 167 AD3d 1220, 1221 [2018] [internal quotation marks and citations omitted]). Thus, "the applicability of Workers' Compensation Law § 123 turns upon whether there has been a true closing of the case, which is a factual issue for the Board to resolve, and its decision in this regard will be upheld if supported by substantial evidence. Integral to such determination is whether further proceedings in the case were contemplated by the Board at the time that it was purportedly closed" (Matter of Smith v New [*2]York State Dept. of Corr., 172 AD3d 1803, 1804-1805 [2019] [citations omitted]; see Matter of Ford v New York City Tr. Auth., 27 AD3d 792, 794 [2006], lv dismissed 7 NY3d 741 [2006]).
Although not dispositive, the WCLJ's 1987 decision indicated that the case was closed (see Matter of Scalesse v Printing Adv. Corp., Enters. Print. Div., 30 NY2d 234, 237 [1972]; Matter of Zimniak v Consolidated Edison, 168 AD3d 1321, 1322 [2019]). Significantly, there is nothing in the record before us indicating that further proceedings were contemplated by the Board (see Matter of Smith v New York State Dept. of Corr., 172 AD3d 1803, 1805 [2019]; Matter of Dudek v Victory Mkts., 126 AD3d 1274, 1276 [2015]). Accordingly, we find that substantial evidence supports the Board's finding that the original case was truly closed in 1987 (see Matter of Ford v New York City Tr. Auth., 27 AD3d at 794; compare Matter of Riley v P & V Sadowski Constr., 104 AD3d 1039, 1040 [2013]).
We are similarly unpersuaded by claimant's assertion that the carrier's filing of the C-8 notice of the suspension of benefits in 1993 constituted a reopening of the case — which was not thereafter closed — so as to render Workers' Compensation Law § 123 inapplicable (see Matter of Gyory v Fairchild Indus., 151 AD2d 956, 957 [1989], lv dismissed 74 NY2d 945 [1989], lv denied 78 NY2d 859 [1991]). Initially, the reopening of a case may occur either upon the presentation of evidence that was previously unavailable, where a material change in the claimant's condition has occurred, or where the interest of justice warrants (see 12 NYCRR 300.14 [a]; Matter of Ewing v YMCA, 57 AD3d 1080, 1081 [2008]). "The Board's interpretation of a request for reopening, and its decision about whether to reopen a case, are matters within its discretion, and the Board's decision will not be disturbed absent an abuse of discretion" (Matter of Yi Sun v State Ins. Fund, 201 AD3d 1157, 1158 [2022] [internal quotation marks and citations omitted]; see 12 NYCRR 300.14 [c]).
The carrier's 1993 C-8 notice, rather than raising any issue regarding claimant's medical condition or treatment, specifically indicated that payments were being suspended based upon claimant's incarceration (see Matter of Beder v Big Apple Circus, 84 AD3d 1653, 1655 [2011]). Notably, the carrier did not request a hearing or submit any additional papers. Moreover, there is nothing in the record to suggest that claimant, his counsel, the carrier or the Board took any further action thereafter, or that any further proceedings ensued or were contemplated. Upon this record, we find that substantial evidence supports the Board's finding that the carrier's C-8 notice did not constitute an application to reopen claimant's case (see 12 NYCRR 300.14 [a]; Matter of Smith v New York State Dept. of Corr., 172 AD3d at 1804-1805; Matter of Ewing v YMCA, 57 AD3d at 1081; cf. Employer: CMP Indus., 2010 WL 3501947, *2, 2010 NY Wrk Comp LEXIS 7392 [WCB No. 5931 3407[*3], Sept. 2, 2010]). In view of the foregoing, we find that substantial evidence supports the Board's determination that claimant's case was closed and did not reopen until his application for further action in 2020, outside the time limits of the eighteen-and-eight-year rule, and that he is thus time-barred from receiving further benefits pursuant to Workers' Compensation Law § 123. Claimant's contentions related to the propriety of the timing of the carrier's suspension of payments in 1993 are thus precluded by the application of Workers' Compensation Law § 123 and need not be addressed.
Turning to claimant's application for reconsideration and/or full Board review, as claimant failed to allege or set forth any newly discovered evidence, and the WCLJ's reserved decision adopted by the Board fully considered the issues properly before it in view of its determination as to the applicability of Workers' Compensation Law § 123, we find no abuse of discretion in the denial of claimant's application (see Matter of Campos v Federal Express Corp., 181 AD3d 1118, 1119 [2020]; Matter of Castillo v Brown, 151 AD3d 1310, 1311 [2017]; Matter of Amaker v City of N.Y. Dept. of Transp., 144 AD3d 1342, 1343 [2016]; Matter of Riescher v Central Hudson Gas Elec., 132 AD3d 1052, 1053 [2015]). We have reviewed claimant's remaining contentions and find them to be without merit.
Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the decisions are affirmed, without costs.