Matter of Kingston v New York City Fire Dept. (2022 NY Slip Op 07102)

Matter of Kingston v New York City Fire Dept.

2022 NY Slip Op 07102

Decided on December 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 15, 2022

531927
[*1]In the Matter of the Claim of Donnay Kingston, Appellant,
v
New York City Fire Department et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:November 14, 2022

Before:Garry, P.J., Clark, Aarons, Pritzker and McShan, JJ.

Law Office of Joel M. Gluck, New York City (Joel M. Gluck of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York City (Levi Grosswald of counsel), for New York City Fire Department and another, respondents.

McShan, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed December 12, 2019, which denied claimant's request to reopen a claim and modify a prior award, and (2) from a decision of said Board, filed May 14, 2020, which denied claimant's application for reconsideration and/or full Board review.
In 2008, claimant established a workers' compensation claim for bilateral carpal tunnel syndrome. The claim was amended in 2013 to include consequential DeQuervain's tenosynovitis. In 2014, a Workers' Compensation Law Judge (hereinafter WCLJ) found, among other things, that claimant had a 32% schedule loss of use (hereinafter SLU) of the right wrist and a 27% SLU of the left wrist. In an amended decision filed in 2016, the Workers' Compensation Board affirmed the WCLJ's decision, finding that claimant's symptoms were not severe and disabling so as to warrant classification as opposed to a SLU award.[FN1]
In January 2019, Timur Hanan, claimant's treating physician, filed a C-27 form alleging a change in claimant's medical condition and seeking a reopening of the claim. A WCLJ found that claimant had not demonstrated a sufficient change in her condition to warrant reopening the claim and rescinding the SLU award. The Board affirmed, and thereafter rejected claimant's application for reconsideration and/or full Board review. Claimant appeals from both decisions.
"A request for reopening of a claim must, as is relevant here, set forth sufficient facts to establish that a material change in the claimant's condition has occurred" (Matter of Yi Sun v State Ins. Fund, 201 AD3d 1157, 1158 [3d Dept 2022] [internal quotation marks and citation omitted]; see 12 NYCRR 300.14 [a] [2]). "The Board's interpretation of a request for reopening, and its decision about whether to reopen a case, are matters within its discretion, and the Board's decision will not be disturbed absent an abuse of discretion" (Matter of Mallen v ACE Tinsmith & Bldg. Prods., 204 AD3d 1283, 1285 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Ewing v YMCA, 57 AD3d 1080, 1081 [3d Dept 2008]).
Based upon his examination of claimant in 2018, Hanan opined that claimant was suffering from a worsening of sensory complaints and symptoms and a weakness in her hands. According to Hanan, claimant had "a lot of wrist pain," as well as "limited range of motion" and "atrophy in the thenar muscle, weakness in the hands, positive Finkelstein's test, positive Tinel and Phelan's test[s]." Hanan further testified that claimant struggles with certain activities of daily living, including using a computer and writing, and that she drops objects. Hanan also diagnosed claimant with consequentially-related left middle finger triggering. A review of Hanan's medical report from September 2013 reveals that claimant was similarly suffering from wrist pain, weakness and numbness in her hands, limited range of motion, positive Tinel's and Phelan's tests, and that she dropped objects [*2]and could not write or use the computer. While Hanan's current testimony and reports indicate that some of claimant's symptoms have worsened since 2013, he also testified that such a worsening of symptoms over time would have been anticipated. Thus, Hanan's findings regarding the worsening of symptoms and a consequential left middle finger triggering indicate a continued disability and need for treatment, rather than a material change in condition warranting a reopening of the claim (see Matter of Loiacono v Sears, Roebuck & Co., 230 AD2d 351, 354-355 [3d Dept 1997]). Accordingly, we find no reason to disturb the Board's decision denying claimant's request to reopen the claim and rescind the SLU award (see Matter of Gallagher v Hines Interests Ltd. Partnership, 188 AD3d 1395, 1397 [3d Dept 2020]; Matter of Pucci v DCH Auto Group, 90 AD3d 1255, 1256 [3d Dept 2011]).
To the extent that claimant challenges the Board's 2016 decision granting the SLU awards, inasmuch as claimant did not appeal that decision, the merits of that claim are not properly before us (see Matter of Pucci v DCH Auto Group, 90 AD3d at 1255). Claimant's remaining contentions, including that the Board abused its discretion in denying her application for reconsideration and/or full Board review, have been considered and found to be without merit.
Garry, P.J., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the decisions are affirmed, without costs.

Footnotes

Footnote 1: Claimant did not appeal the Board's 2016 decision to this Court.