Matter of Coyle v W & W Steel Erectors LLC (2025 NY Slip Op 02831)

Matter of Coyle v W & W Steel Erectors LLC

2025 NY Slip Op 02831

Decided on May 8, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 8, 2025

CV-23-2165
[*1]In the Matter of the Claim of Joseph Coyle, Respondent,
v
W & W Steel Erectors LLC et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:February 11, 2025

Before:Garry, P.J., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

Jones Jones LLC, New York City (David S. Secemski of counsel), for appellants.
Dolce Panepinto, PC, Buffalo (Holly L. Schoenborn of counsel), for Joseph Coyle, respondent.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.

Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed August 30, 2023, which, among other things, denied a request by the employer and its workers' compensation carrier to reopen decedent's workers' compensation claim.
In 2016, Michael Coyle (hereinafter decedent) established a workers' compensation claim for work-related injuries and, in 2020, was classified as having sustained a permanent partial disability, entitling him to wage-loss benefits not to exceed 375 weeks. Following decedent's death in January 2021 for reasons unrelated to his work injuries, a request for further action was filed in July 2021 seeking a hearing on behalf of decedent's minor son (born in 2008) to determine his entitlement to any unpaid amounts of decedent's wage-loss benefits, relying on this Court's decision in Matter of Green v Dutchess County BOCES (183 AD3d 23 [3d Dept 2020], revd 39 NY3d 35 [2022]). Following a hearing held on December 9, 2021, a Workers' Compensation Law Judge (hereinafter WCLJ) found that, pursuant to Green, decedent's son was entitled to decedent's unpaid wage-loss benefits. No application for administrative review of the WCLJ's December 2021 decision was filed.
In October 2022, the Court of Appeals reversed our decision in Green (39 NY3d 35 [2022]), concluding that unaccrued portions of a nonschedule award may not pass posthumously. Based upon this reversal, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) submitted a request for further action on November 4, 2022, seeking to reopen the matter and suspend the payment of decedent's wage-loss benefits to decedent's son. Following a hearing, the WCLJ reopened the claim and suspended the payment of benefits to decedent's son. Upon administrative review, the Workers' Compensation Board reversed the WCLJ's decision, denied the carrier's request to reopen the claim and continued the payment of benefits to decedent's son. The carrier appeals.
We affirm. "[T]he reopening of a case may occur either upon the presentation of evidence that was previously unavailable, where a material change in the claimant's condition has occurred, or where the interest of justice warrants" (Matter of Mallen v ACE Tinsmith & Bldg. Prods., 204 AD3d 1283, 1285 [3d Dept 2022], lv denied 39 NY3d 909 [2023]; see 12 NYCRR 300.14 [a]; Matter of Hung Nguyen v CVS RX Servs., Inc., 217 AD3d 1024, 1026 [3d Dept 2023]). "The Board's interpretation of a request for reopening, and its decision about whether to reopen a case, are matters within its discretion, and the Board's decision will not be disturbed absent an abuse of discretion" (Matter of Yi Sun v State Ins. Fund, 201 AD3d 1157, 1158 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Mitchell v Wastequip, Inc., 203 AD3d 1288, 1291 [3d Dept 2022], lv dismissed 39 NY3d 971 [2022]).
The carrier argues that the Court of Appeals' reversal in Green warrants reopening the claim in the interest [*2]of justice.[FN1] Given that the carrier did not seek administrative review of the WCLJ's December 2021 decision to continue the payment of decedent's wage-loss benefits to his son, the WCLJ's decision became final (see Workers' Compensation Law § 23; Matter of Whitney v Pregis Corp., 200 AD3d 1257, 1259 [3d Dept 2021]). Despite having ample opportunity to challenge decedent's son's entitlement to benefits under Green through an application for administrative review, the first time the carrier raised this issue was in its application for reopening. Further, as the Board noted, had the carrier sought administrative review of the WCLJ's decision, the payments to decedent's son would have been stayed pending the review (see Workers' Compensation Law § 25 [3] [f]; Matter of Szymanski v ABA Tech Indus., Inc., 204 AD3d 1281, 1282 [3d Dept 2022]).[FN2] Under these circumstances, we cannot say that the Board's denial of the carrier's request to reopen the claim in the interest of justice was an abuse of discretion (see Matter of Puccio v Absolute Chimney & Home Improvement, LLC, 222 AD3d 1060, 1062 [3d Dept 2023], lv dismissed & denied 42 NY3d 967 [2024]). Finally, we reject the carrier's contention that the Board's decision was arbitrary and capricious for failing to follow its precedent in reaching its decision, as the cases cited in support are factually distinguishable (see Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d 1201, 1203 [3d Dept 2023]). The carrier's remaining contentions are academic.
Garry, P.J., Reynolds Fitzgerald, McShan and Mackey, JJ., concur.
ORDERED that the decision is affirmed, with costs to claimant.

Footnotes

Footnote 1: The carrier did not cite to any new evidence or a change in decedent's condition in support of its application to reopen the claim.
Footnote 2: The carrier's contention that seeking Board review of the WCLJ's decision would have been frivolous is unpersuasive (see e.g. Employer: Hannaford Bros. Store, 2023 WL 1975274, *2-4 [WCB No. G082 9715, Feb. 1, 2023]; Employer: Hicksville Pub. Schools, 2023 WL 4937812, *1-2,2023 NY Wrk CompLEXIS557, *3-5 [WCB No. G033 4039, Jan. 26, 2023]; Employer: First Serv. Williams, 2022 WL 18034594, *1-2, 2022 NY Wrk Comp LEXIS 6850, *3-5 [WCB No. G016 9096, Dec. 28, 2022]; Employer: Nassau County Dept. of P.W., 2022 WL 22865536, *2-3, 2022 NY Wrk Comp LEXIS 6504, *4-6 [WCB No. G033 8757, Dec. 7, 2022]).