Matter of Jackson v New York Foundling Hosp. (2026 NY Slip Op 00642)

Matter of Jackson v New York Foundling Hosp.

2026 NY Slip Op 00642

Decided on February 11, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 11, 2026

CV-24-0615
[*1]In the Matter of the Claim of Nadine Jackson, Appellant,
vNew York Foundling Hospital et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 9, 2026

Before:Clark, J.P., Pritzker, McShan, Powers and Corcoran, JJ.

Nadine Jackson, Bridgeport, Connecticut, appellant pro se.
David F. Wertheim, State Insurance Fund, Albany (Ryen DeStefano of counsel), for New York Foundling Hospital and another, respondents.

Powers, J.
Appeal from a decision of the Workers' Compensation Board, filed October 4, 2023, which, among other things, denied claimant's request for an extreme hardship redetermination pursuant to Workers' Compensation Law § 35 (3).
Claimant, a case planner and social worker for the employer, established a workers' compensation claim for bilateral carpal tunnel syndrome in 2011 that was subsequently amended to include other ailments. In 2014, claimant was classified with a permanent partial disability and 81% loss of wage-earning capacity, entitling her to 450 weeks of wage loss benefits (see Workers' Compensation Law § 15 [3] [w]). After those benefits ended in June 2022, claimant applied for an extreme hardship redetermination pursuant to Workers' Compensation Law § 35 (3). A Workers' Compensation Law Judge denied the application as untimely. Claimant took an administrative appeal and, separately, applied to either reopen her claim or for a rehearing. The Workers' Compensation Board denied her application for reopening or rehearing and affirmed the denial of her request for an extreme hardship redetermination. Claimant appeals.
We affirm. With regard to claimant's request for reopening or rehearing, that relief is justified "either upon the presentation of evidence that was previously unavailable, where a material change in the claimant's condition has occurred, or where the interest of justice warrants" (Matter of Mallen v ACE Tinsmith & Bldg. Prods., 204 AD3d 1283, 1285 [3d Dept 2022], lv denied 39 NY3d 909 [2023]; see 12 NYCRR 300.14 [a]; Matter of Coyle v W & W Steel Erectors LLC, 238 AD3d 1302, 1303 [3d Dept 2025]). Claimant's application consisted of a brief letter in which she speculated that counsel had neglected her claim and complained both that she had experienced unspecified abuse and that medical documents of unclear relevance had not been filed with the Board and, therefore, failed to offer any detail as to why reopening would be appropriate under any of those categories. Her efforts in her brief to cite additional proof and raise new arguments in support of her application are not properly before us because they were not raised before the Board (see Matter of Hernandez v AABCO Sheet Metal, 206 AD3d 1420, 1421 [3d Dept 2022]; Matter of Hopeck v Al Tech Specialty Steel Corp., 205 AD3d 1284, 1285 [3d Dept 2022]). Accordingly, we cannot say that the Board abused its discretion in denying that application (see Matter of Yi Sun v State Ins. Fund, 201 AD3d 1157, 1158 [3d Dept 2022]; Matter of Macareno v Son Yeng Produce, 305 AD2d 928, 929 [3d Dept 2003]).
As for the denial of claimant's request for an extreme hardship redetermination, Workers' Compensation Law § 35 (3) provides, as is relevant here, that a claimant with a loss of wage-earning capacity greater than 75% may request that relief "within the year prior to the scheduled exhaustion of indemnity benefits" (see Matter of Yi Sun v State Ins. Fund, 201 AD3d at 1159). As Workers' Compensation [*2]Law § 35 (3) "describes the particular situations in which it is to apply" in specifying the period in which an application for an extreme hardship redetermination can be made, "an irrefutable inference must be drawn [from that description] that what is omitted or not included was intended to be omitted or excluded" (Patrolmen's Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208-209 [1976] [internal quotation marks and citation omitted]; accord Matter of Washington v Vogue Metalcraft, 91 AD2d 804, 804 [3d Dept 1982]). We therefore agree with the Board that an application made outside the one-year period specified by the statute is untimely and, because claimant's application was made after that period had expired, "the Board did not err in finding that she was not entitled to a redetermination on the basis of extreme hardship" (Matter of Yi Sun v State Ins. Fund, 201 AD3d at 1159). Claimant's remaining arguments, to the extent that they are properly before us, have been considered and found to lack merit.
Clark, J.P., Pritzker, McShan and Corcoran, JJ., concur.
ORDERED that the decision is affirmed, without costs.