Matter of Siddon v Advance Energy Tech. (2026 NY Slip Op 00948)

Matter of Siddon v Advance Energy Tech.

2026 NY Slip Op 00948

Decided on February 19, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 19, 2026

CV-24-1300
[*1]In the Matter of the Claim of Kimberly Siddon, Appellant,
vAdvance Energy Technologies et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 6, 2026

Before:Garry, P.J., Reynolds Fitzgerald, McShan, Powers and Mackey, JJ.

Law Firm of Alex Dell, PLLC, Albany (Edward Obertubbesing of counsel), for appellant.
Habberfield Kaszycki, LLP, Buffalo (Eugene W. Lane of counsel), for Advance Energy Technologies and others, respondents.

Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed July 25, 2024, which denied claimant's application to reopen her workers' compensation claim.
In May 2006, claimant sustained a work-related injury to her left knee resulting in arthroscopic surgery. Claimant established a workers' compensation claim in April 2008, as a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had sustained a 12% schedule loss of use (hereinafter SLU) of her left leg. After a second arthroscopic left knee surgery in March 2009, a WCLJ issued another decision in December 2009, finding, as per a stipulation of the parties, that claimant now had a 20% SLU of her left leg. Following dispute of a medical bill by the employer's workers' compensation carrier and a related hearing in 2013, a WCLJ transferred liability to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a, effective July 2011.
In November 2022, claimant retained Kevin Scott, an orthopedic surgeon, to perform an additional medical examination regarding continued pain and decreased range of motion with respect to her left knee. Scott opined that claimant had a 35% SLU of her left knee, representing a 15% overall increase, based upon a worsening of her range of motion. Claimant accordingly filed a request with the Workers' Compensation Board for further action. The Board provided notice to the Special Fund, via an EC-81.7, regarding a possible award, advising the Special Fund to take one of four actions within 75 days: advise that it accepted Scott's opinion as to the severity of disability; obtain its own permanency examination; depose Scott; or submit written arguments contesting the sufficiency and/or credibility of Scott's opinion. In response, the Special Fund requested a hearing, contending that claimant had not established a change in condition to warrant an increase in the SLU with respect to claimant's injury. The Special Fund was informed by the Board that the request was not properly completed and certified, and the Special Fund never resubmitted the form. Following an additional request for further action by claimant after the Special Fund's time to respond to the Board had lapsed, a hearing was held, at which point the Special Fund requested to depose Scott. A WCLJ found that the Special Fund had waived its opportunity to contest Scott's opinion by failing to comply with the EC-81.7, and, accepting Scott's report, the WCLJ found that claimant had sustained an overall 35% SLU of the left knee. Upon the Special Fund's administrative appeal, the Board rescinded the 15% increase in SLU for claimant's left leg, finding that claimant did not demonstrate a change in condition to warrant reopening of the claim to modify the prior SLU. Claimant appeals.
As relevant here, a request for reopening of a claim must "set forth sufficient facts to establish that a material change in the claimant's condition has occurred" (Matter of Yi Sun v State Ins. [*2]Fund, 201 AD3d 1157, 1158 [3d Dept 2022]; see 12 NYCRR 300.14 [a] [2]). The decision whether to reopen a case lies within the Board's discretion, and that decision will only be overturned if that discretion has been abused (see Matter of Cush v Tully Constr. Co. Inc., 217 AD3d 1017, 1020 [3d Dept 2023]; Matter of Kingston v New York City Fire Dept., 211 AD3d 1246, 1247 [3d Dept 2022]).
At the outset, we note that the Board failed to address whether the Special Fund waived its opportunity to contest Scott's opinion, impeding both administrative and judicial review of that issue (see Matter of Ippolito v NYC Tr. Auth., 203 AD3d 1360, 1361 [3d Dept 2022]). Further, although we recognize that "the Board is free to reject the opinion of an expert where it finds such to be unconvincing or incredible," it is equally settled that the Board "may not reject an uncontradicted opinion that is properly rendered" (Matter of Visic v O'Nero & Sons Constr. Co., 115 AD3d 1082, 1082 [3d Dept 2014] [internal citations omitted]; accord Matter of Taylor v Buffalo Psychiatric Ctr., 199 AD3d 1110, 1112 [3d Dept 2021]). Scott's November 2022 verified medical report reflects that he had reviewed claimant's prior medical records, conducted a physical examination of her that included obtaining repeat range-of-motion measurements by goniometer and found that she was experiencing measurable range of motion decline with respect to her left knee, which he attributed to a worsening of her underlying condition (see 12 NYCRR 300.14 [b]). The Board summarily dismissed this numerical range-of-motion evidence, deeming it mere subjective proof of change in condition. That rejection is inconsistent with the Board's own impairment guidelines, which identify the use of a goniometer as the preferred method for obtaining range-of-motion measurements (see New York Workers' Compensation Guidelines for Determining Impairment § 1.3 at 7 [2018]). In light of the Special Fund's failure to properly contest claimant's proof and Scott's adherence to the applicable guidelines in the aforementioned respect, the Board's stated rationale for denying reopening cannot be upheld (see Matter of Taylor v Buffalo Psychiatric Ctr., 199 AD3d at 1111-1112; Matter of Visic v O'Nero & Sons Constr. Co., 115 AD3d at 1082-1083; compare Matter of Yi Sun v State Ins. Fund, 201 AD3d at 1158; Matter of Gallagher v Hines Interests Ltd. Partnership, 188 AD3d 1395, 1396-1397 [3d Dept 2020]).
Reynolds Fitzgerald, McShan, Powers and Mackey, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.